Charles Hoppe, Plaintiff, *v.* City of New York, Defendant.[*]

Supreme Court, Special Term, Bronx County, June 5, 1947.

[*] Cf. *Klein* v. *City of New York*, 189 Misc. 48.— [Rep.

*Henry E. Fasano* for plaintiff.

*Charles E. Murphy, Corporation Counsel,* for defendant.

LEVY, J. Plaintiff moves to amend the notice of claim and intention to sue. The original notice was served upon the Corporation Counsel and the Comptroller, respectively, on June 19, 1944, and June 21, 1944. The purpose of the proposed amendment is to more clearly set forth the place of the accident. Prior to the enactment of the present subdivision 6 of section 50-e of

the General Municipal Law, effective September 1, 1945, such amendment was not permissible after expiration of six months following the occurrence of the accident. It is urged that any defect may be corrected in the manner here attempted where it is shown plaintiff seeks such relief in good faith and that no prejudice arises to defendant. Of such good faith and lack of prejudice there may indeed be no doubt here. This is not, however, sufficient if plaintiff has not timely moved. He relies on *Miller* v. *City of New York* (187 Misc. 926) where it was held the statute is remedial and retroactive without limitation as to time. However, the Appellate Division of the Second Department in *Rozell* v. *City of New York* (271 App. Div. 832) held the statute to be inapplicable to any claim which was barred by applicable statute or case law in force prior to September 1, 1945. That case reversed the Special Term which relied upon the determination in *Schiraldi* v. *City of New York* (N. Y. L. J., Feb. 6, 1946, p. 505, col. 5) in which it was stated subdivision 6 of section 50-e contained no limitation as to its applicability. That section as amended, however, was part of chapter 694 of the Laws of 1945 and section 14 thereof provides: " This act shall take effect September first, nineteen hundred forty-five, and shall apply to claims against public corporations, as defined in the general corporation law, and their officers, appointees and employees, which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date." Thus the action may not be said to have been revived. In the circumstances, therefore, the remedy is barred and the motion must be denied.