[Civ. No. 5111. First Appellate District, Division One.—April 14, 1925.]

In the Matter of the Estate of BERTHA TRIEST, Deceased. OLGA KOCH et al., Appellants, v. JESSE E. TRIEST et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—TRUSTS—MOTION TO VACATE ORDER SETTLING ACCOUNT, ETC.—DENIAL OF—DISCRETION—APPEAL.— On an appeal from an order denying a motion made under section 473 of the Code of Civil Procedure to vacate an order settling an account of trustees, terminating the trust, and distributing the trust estate, all presumptions will be indulged in favor of the correctness of the court's action, and the burden is upon the appellant to make it appear that the court abused its discretion, and the appellate court will not interfere with the exercise of discretion of the lower court unless it be plainly made to appear that such discretion has been abused.

[2] ID.—TIME OF MAKING MOTION—DISCRETION—EVIDENCE—APPEAL.— On this appeal from an order denying a motion made under section 473 of the Code of Civil Procedure to vacate an order settling an account of trustees, terminating the trust, and distributing the trust estate, it cannot be said from the whole record that the superior court abused its discretion in holding, as it must have done, that the motion was not filed, all the evidence considered, within a reasonable time; and the evidence fully sustains the conclusion of the court that the motion should be denied.

---

2. See 14 Cal. Jur. 1065.

[3] ID.—TRUSTS—WILL—CONSTRUCTION.—On such appeal, where it appeared that, under the terms of a will, the share of a grandchild of the testatrix was distributed to trustees who were to pay the income from the trust property to said grandchild for his support, and that the will provided that should the grandchild die prior to the delivery of said share to him, said share should go to his brother, and the grandchild survived the brother but died before the share was delivered to him, the finding that the legacy to the grandchild lapsed and that his estate was entitled to a certain proportionate share of the trust fund was correct. (On denial of petition for hearing in supreme court, approval withheld.)

(1) 4 C. J., p. 839, n. 27.   (2) 34 C. J., p. 360, n. 11.   (3) 40 Cyc., p. 1927, n. 21.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying motion to vacate an order settling account of trustees, etc. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Delmore Lederman for Appellants.

H. G. W. Dinkelspiel, Martin J. Dinkelspiel and Heller, Ehrman, White & McAuliffe for Respondents.

CASHIN, J.—Appeal by J. D. Lederman, as administrator of the estate of Walter C. T. Koch, deceased, and Olga Koch, surviving wife of deceased, from an order of the superior court of the city and county of San Francisco denying a motion therein made by appellants to vacate an order settling the account of respondent trustees, under a trust created by the will of Bertha Triest, deceased, and a decree terminating the trust and adjudging the persons to whom and the proportions in which the trust fund should be distributed.

The facts are as follows: Bertha Triest died on April 18, 1914. By her will she bequeathed and devised the residue of her estate—the only portion in which appellants claim an

3. Lapse of legacy by death of beneficiary after testator's death but before legacy or devise becomes payable, note, Ann. Cas. 1913B, 81. See, also, 28 R. C. L. 337.

interest—in equal shares to various children, and to Walter C. T. Koch and Frank L. Koch, her grandchildren, the share which their deceased mother, a daughter of Bertha Triest, would have taken had she been alive, and provided with reference to the share of said Walter C. T. Koch as follows:

"The part or portion thereof given to said Walter C. T. Koch is and shall be subject to the following conditions, to-wit: I direct my executors to invest the part or portion of my estate hereby willed by me to said Walter C. T. Koch for the benefit of said Walter C. T. Koch, and to devote and pay over to said Walter C. T. Koch such of the income thereof for the support of said Walter C. T. Koch as in the judgment of my said executors is necessary and advisable for his support, the principal of said share, together with the accumulated profits thereon, to be paid over to said Walter C. T. Koch upon his reaching the age of forty (40) years, or sooner should my executors deem it advisable. In the event that my executors have not paid said share prior to the time said Walter C. T. Koch reaches the age of forty (40) years, and said Walter C. T. Koch shall die prior to the delivery of said share to him, I direct that his said share go to his brother, Frank L. Koch."

On May 24, 1914, the will was admitted to probate and Martin, Frank, and Jesse E. Triest, who were appointed executors thereof, duly qualified and acted. Thereafter, on January 11, 1916, the court distributed the portion of the estate in which Walter C. T. Koch was interested to the three trustees named in the will, who accepted the trust, the executors of the will not being discharged. One of them, Martin Triest, died on May 3, 1922, and the surviving trustees are among the respondents here. Frank L. Koch died on December 24, 1917, and Walter C. T. Koch on February 10, 1920, the latter being survived by his wife, appellant Olga Koch. No part of the principal of the trust fund in money or property had been paid or delivered by the trustees to Walter C. T. Koch at the time of his death, but portions of the income therefrom had been from time to time paid. Thereafter the surviving trustees, as such, on May 3, 1922, filed their first account and report, and their petition for settlement thereof, the termination of the trust and the determination by the court of the persons

to whom and the proportions in which the trust fund should be distributed. The time for hearing the matter was duly set for May 17, 1922, and it is not contended here that the notices were legally insufficient.

The matter was heard on that day, and thereafter an order approving the account was made together with the decree of the court, both dated May 17, 1922, and entered July 15, 1922, the latter describing the property of the trust fund, adjudging the trust terminated, and ordering that to the estate of Walter C. T. Koch, deceased, should be distributed one-twentieth thereof. Appellant Koch, who resided in the city of New York, was not present or represented at the hearing; and it is conceded that she had at the time no actual notice or knowledge of the proceedings, and that she had never appeared or been represented at any of the proceedings in the Triest estate. Appellant Lederman had not at that time been appointed administrator and was not representing her. Thereafter, on January 5, 1923, after proceedings duly had, letters of administration on the estate of Walter C. T. Koch, deceased, were issued to appellant Lederman, and on the same day notice of motion, to be made on January 15, 1923—the order on which gives rise to this appeal—was served on attorneys for the respondents, supported by affidavits, one being an affidavit of merits, and a proposed unverified answer to the account and petition of the surviving trustees alleging that certain claimed expenditures in the account had not been made; that certain acts of the trustees had-resulted in loss to the estate, that the legacy mentioned had not lapsed, and that the whole of the trust fund belonged to the estate of Walter C. T. Koch, deceased. The matter came on for hearing on the day fixed, was continued from time to time, affidavits in opposition were filed by the respondents, and the motion finally denied on June 11, 1923. The motion was served and filed within six months after the entry of the order and decree complained of.

It is the contention of the appellants that the order and decree sought to be vacated were taken as against appellant Koch through her excusable neglect, surprise, mistake and inadvertence; that the motion was made within a reasonable time; that appellants acted with diligence in the premises and that the motion to vacate made under section 473 of the

Code of Civil Procedure should have been granted; that the provision in the Triest will for Walter C. T. Koch created in him a vested interest to that extent in the residue of the estate which did not, in view of the facts then existing, revert to the Triest estate upon his death, that the whole of the trust fund belongs to his estate, and that the decree of the court determining that but one-twentieth thereof should be distributed to his estate and the balance to the surviving children of Bertha Triest, was improvidently made and deprived the estate of Walter C. T. Koch and appellant Koch of substantial rights.

Before discussing the merits of the claim of appellants for a greater portion of the trust than that adjudged by the decree it must be determined whether the order of the court in denying the motion, and thereby holding that the motion was not made within a reasonable time after knowledge of the entry of the order and decree, was an abuse of its discretion in the premises; or, in other words, that there was a lack of evidence sufficient to sustain its conclusion (*Watson* v. *Columbia Basin Development Co.*, 22 Cal. App. 556 [135 Pac. 511]; *Bond* v. *Karma & Ajax Consolidated Min. Co.*, 15 Cal. App. 469, 472 [115 Pac. 254]; *Smith* v. *Pelton Water Wheel Co.*, 151 Cal. 394 [90 Pac. 934]).

It appears from the affidavits filed by respondents that during the month of June, 1920, after the death of Walter C. T. Koch, an attorney at law—in one affidavit named O. T. Keppler and in another Tobias Keppler, a member of the law firm of Keppler and Lochman, with offices in the city of New York—called on the attorneys for the trustees and various of the residuary legatees under the Triest will in the city of San Francisco and negotiated during a considerable period for a settlement of the claim of appellant to the whole of the trust fund, on the theory advanced by him that the same had vested in Walter C. T. Koch and that said appellant was his sole heir, the claim being then denied by respondents expressly on the ground that the legacy in question had lapsed; that Keppler thereafter during the month of July, 1922, negotiated in person with Henry G. W. Dinkelspiel, one of the attorneys for the trustees, at Atlantic City, New Jersey, to the same end, leading to no result, the California heirs and their attorneys in all

interviews denying the right of appellant to more than the proportion decreed by the court. The fact of these interviews is not denied by appellants, nor the inference therefrom that Keppler then represented said appellant Koch, and this inference is supported by the affidavit of appellant Lederman that he was first consulted in the matter by an attorney of New York city, known by affiant as T. A. Keppler. Among the affidavits filed by respondents is that of Milton Dammann, an attorney at law, with offices in the city of New York, who represented respondents during the month of July,.1922, in connection with the claim of appellant Koch, in which he deposes that said appellant was then represented in another proceeding pending in New York by attorneys Strongman and Ward of that city, in which affiant, as attorney, was also interested, but not for appellant, and that during said month he addressed two letters to said appellant, at her then residence, in said city, the first dated July 13, 1922, and the second July 17, 1922, advising her of the fact that he then held for her a check of respondent trustees, payable to her order, in the sum of $659.63. The material portions of the letters are as follows:

"Re Estate of Bertha Triest.—I have received from Mr. Jesse E. Triest a check for a sum of money representing a share of the estate of Bertha Triest, with a request to see that it reaches you personally. If you will write me in reply to this letter giving me your present address I will.see that the remittance is sent to you."

"Re Estate of Bertha Triest.—I acknowledge your favor of July 14th, 1922. We are in receipt of a communication from Mr. Henry G. W. Dinkelspiel, attorney, San Francisco, Cal., enclosing check of Triest Company to your order for $659.63, the amount payable to you under a decree entered in the estate of Bertha Triest, in the Superior Court of the state of California, city and county of San Francisco, being one-twentieth of the lapsed legacy payable to Walter C. T. Koch, deceased. I am requested to hand you this check personally against your signature to a receipt prepared by Mr. Dinkelspiel which I enclose."

To these letters said appellant replied by telephone, refusing to accept the money and stating that the matter was in the hands of her attorneys, who would take care of her interests.

The facts stated in the foregoing affidavits are not denied by appellants, but appellant Koch, in her affidavit in support of the motion, states that she had no knowledge of the proceedings leading to the order and decree, or of the making or entry thereof, until November 15, 1922. The particulars to which we have called attention to show that the court had ample evidence before it which, if believed, supported the conclusion that appellant Koch received notice of the decree of the court as early as July 20, 1922; that she was then and had prior thereto been represented by counsel, who were familiar with the nature of her claim and the facts existing; and that as early as June 20, 1920, she held the same theory of her rights in the trust fund as asserted in the motion. No reason was shown by appellants for the delay between July 20, 1922, and January 5, 1923, the date of filing the motion, except the fact that appellant Koch has never resided in California and her allegation of want of knowledge of the facts until November 15, 1922 (on which, as we have seen, the evidence would support the conclusion that she had such knowledge as early as July, 1922), and that she was without means to employ counsel, though, as shown, counsel had undertaken long before to represent and continued to represent her in connection with the matter; that appellant Lederman recommended negotiations with respondents during the early part of November, 1922, and that it was proper to obtain letters of administration on the estate of Walter C. T. Koch before making the motion.

It is apparent from the record that the last negotiations for settlement were not commenced by respondents, and that they did not expressly nor impliedly consent to the delay. Appellant Lederman, as attorney for Mrs. Koch, was, as we may assume, unfamiliar with the situation when first consulted by attorney Keppler, and was not advised of the knowledge of existing facts then possessed by Mrs. Koch and her New York attorney. Instead of being authorized to act he apparently was only empowered to negotiate, his principals knowing that negotiations had long since failed of result, and that respondents had for more than a year prior to July, 1922, elected to stand on their claimed legal rights, from which position they had not receded.

[1] All presumptions will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon appellant to make it appear that the court abused its discretion. The appellate court will not interfere with the exercise of discretion by the lower court unless it be plainly made to appear that such discretion has been abused (*Moore* v. *Thompson,* 138 Cal. 23 [70 Pac. 930]; *Smith* v. *Pelton Water Wheel Co., supra*). [2] We cannot say from the whole record in this case that the superior court abused its discretion in holding, as it must have done, that the motion was not filed, all the evidence considered, within a reasonable time; and we are satisfied from the record that the evidence fully sustains the conclusion of the court that the motion should be denied.

[3] Without entering into a discussion of the reasons for our conclusion, we are further of the opinion that the construction placed by the trial court on the language of the will of Bertha Triest, and adjudging in effect that the legacy lapsed, was correct, and that the estate of Walter C. T. Koch, deceased, was given by the decree the proportionate share of the trust fund to which it was legally entitled.

The order appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 11, 1925, and the following opinion then rendered thereon:

THE COURT.—Appellants' petition to have the above-entitled cause heard and determined by this court, after judgment in the district court of appeal, is denied.

In view of the conclusion that the trial court was justified in holding, under the circumstances in evidence, that the application for relief was not made within a reasonable time, the question whether or not the legacy here in question lapsed is not necessary to the determination of this appeal, and we express no opinion thereon.