## CREWS et al. v. OVEN et al.
### No. 3342.

Circuit Court of Appeals, Tenth Circuit.
Jan. 27, 1946.

Rehearing Denied March 27, 1947.

Christy Russell, of Mattoon, Ill. (M. F. Priebe, of Enid, Okl., on the brief), for appellants.

Harry O. Glasser, of Enid, (Nathan Scarritt, A. L. Zinser and E. S. Champlin, all of Enid, on the brief), for appellees.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellants brought this action, in the nature of a creditors' bill, to reach the dis-

tributive share of a legacy to which, they alleged, D. J. Oven[1] was entitled as an heir-at-law of Claire Marie Oven,[2] deceased.

In a previous action,[3] appellants had obtained various judgments, aggregating approximately $53,000, against Oven. An execution had issued on the judgments and had been returned wholly unsatisfied.

On April 30, 1944, H. H. Champlin died testate, leaving a substantial estate. His will was admitted to probate on June 15, 1944. He had drawn the will without legal assistance. The portions thereof, material here, read as follows:

"Fifth. All my debts and taxes having been paid and discharged; * * * To my Grand-daughter, Claire Marie Oven, I give bequeath and devise in Kind, Six and Sixty-six hundredths plus (6.66+) interest, * * *.

"Sixth. * * * For the purpose of taking title to and administering that portion of my estate herein devised to my * * * Grand-daughter, Claire Marie Oven, * * * I hereby create a Trust, effectively immediately upon my demise, subject to proceedings made and provided for in the Probate Court of Garfield County in such instances, * * *. As the beneficiaries of the above created Trusts arrive to the age of thirty-five (35) years, and not before, I then direct that his or her portion of his or her Trust with accumulations, be transferred to he or she by appropriate and legal instruments of transfer and conveyance. Should any of the beneficiaries of the above created trusts die, before having received his or her portion, leaving lineal decendants, then I further direct that these trusteeships continue until such lineal descendants arrive to the age of thirty-five (35) years. * * *

"Seventh. In the event any of the devisees of this die, before having received their portion of my property, then I direct that his or . . . portion pas . . . as per stirpes to his or her lineal decendants, In no event shall a husband or wife living apart, separated or divorced,

[1] Hereinafter referred to as Oven.
[2] Hereinafter referred to as Claire Marie.

[3] See Hoehn v. Crews, 10 Cir., 144 F. 2d 665.

from any of my devisees, inherit or take any part of my estate."

On July 5, 1944, Claire Marie died intestate, at the age of 18, unmarried, and without issue. Her sole heirs-at-law are Oven, her father, and her mother, Helen Champlin Oven.

The sole issue presented is whether the bequest to Claire Marie was vested or contingent. Oven asserts that the bequest was contingent upon her reaching the age of 35, and that the legacy lapsed at her death. Appellants urge that it was vested, subject to divestment only in the event she died before reaching the age of 35 and was survived by lineal descendants, and, therefore, at her death, one-half of the property given by the legacy passed to Oven, as her heir-at-law.

The trial court held that the interest of Claire Marie was contingent, basing its decision on Adams v. Dugan, 196 Okl. 156, 163 P.2d 227, 229. The facts of that case are as follows: The executor under the will of Walter Barr Steedman, deceased, brought an action to enjoin the sale of certain land under execution, the levy having been made upon "The undivided beneficial interest of said George Steedman, * * * as remainderman, in and to the * * * trust created under the last will of Ward Barr Steedman, * * *." The will, after devising real property to a trustee, and providing for distribution of the income from the corpus to certain beneficiaries, provided in part as follows: "Eleven (11) years after the death of my wife * * * the trust * * * shall * * * cease and the trustee shall pay over and deliver the property constituting the trust estate both principal and accumulated interest free from the trust, to my then living children * * *."

It further provided that, in the event none of the contingencies mentioned in the will occurred, the property should be distributed to the persons who were Steed-

man's heirs-at-law at the time of the distribution; that the trustee might sell the property constituting the corpus of the trust, and reinvest the proceeds, and that any beneficiary of the trust might sell his interest in the trust estate prior to the time of distribution. The Supreme Court of Oklahoma said that George Steedman's "Present interest in this land * * * is but little more if any than a mere contingent expectancy. At best then, George Steedman can be classed only as a contingent remainderman," and concluded that "George Steedman can never own an interest in that specific property except, first, the same is not sold by the trustee, and, second, that said George Steedman *be living at the end of the trust period.*" (Emphasis ours.)

We are of the opinion that the principles announced in that case are applicable in the instant case. It follows that under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, we are compelled to hold that the interest of Claire Marie was contingent.

But, were we free to exercise an independent judgment, we would reach the same result. It is well settled that in construing a will, the intention of the testator governs.[4] The nature, character, and extent of an estate created by a will are to be determined according to the intention of the testator as expressed by the language of the instrument.[5] A reading of the Champlin will, in its entirety, discloses that it was the intention of Champlin that the trust estate should pass to his lineal descendants, and only to them.

Moreover, the language creating the trust indicates, in itself, that Champlin intended the legacy to vest only in Claire Marie, or her lineal descendants.[6]

The bequest to Claire Marie was contingent, and the contingency not having occurred, the legacy lapsed. It is, therefore,

[4] In re Jones' Estate, 195 Okl. 168, 155 P.2d 980, 982; Munger v. Elliott, 187 Okl. 19, 100 P.2d 876, 879; Cunningham v. Fidelity Nat. Bank of Oklahoma City, 186 Okl. 429, 98 P.2d 57, 58.

[5] Franklin v. Margay Oil Corporation, 194 Okl. 519, 153 P.2d 486, 500.

[6] See In re Blake's Estate, 157 Cal. 448, 108 P. 287; In re Clark's Estate, 178 A. 574, 13 N.J.Misc. 393; In re Triest's Estate, 72 Cal.App. 268, 236 P. 930; In re Hamon's Estate, 136 Cal. App. 517, 29 P.2d 326.

unnecessary to determine whether Oven's share of the legacy, had he been entitled to a share, could have been reached by a creditor's bill.

Affirmed.