WILLIAM S. MILLER, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, Kings County, June 27, 1946.

*James E. Piccolo* for plaintiff.

*John J. Bennett, Corporation Counsel* (*Sidney B. Fisher* of counsel), for defendant.

BENJAMIN, J. Plaintiff moves for an order authorizing and permitting service of an amended notice of claim and of intention to sue herein to include an itemization of the property damage to plaintiff's car and a verification by the plaintiff.

On May 8, 1944, a notice of claim and notice of intention to sue was served upon the Comptroller of the City of New York and the Corporation Counsel in connection with plaintiff's claim for personal injuries and for property damage. Said claim was not verified and contained no itemization of the property damage, as required by statute.

This application is made, pursuant to the provisions of subdivision 6 of section 50-e of the General Municipal Law, enacted by chapter 694 of the Laws of 1945, permitting the court to authorize the correction of a mistake, omission, irregularity or a defect made in good faith in a notice of claim required to be served by this section, other than appertaining to the manner and time of service thereof. This section went into effect on September 1, 1945. Prior to the enactment of this section our courts were powerless to correct error or authorize the supplying of omissions. To prevent the miscarriages of justice which from time to time resulted, because of lack of power in the court to permit defects to be remedied, the Legislature enacted the

enabling act in question. Its purpose was remedial. It was intended to do away with the strictures on justice which had previously prevailed. Its language is broad. Its purpose is salutary and the intent of the Legislature obviously was for liberal construction. It may further be pointed out that the restrictions imposed by the statute upon these suits against the public corporation for acts arising out of proprietary, as distinguished from governmental functions, are in derogation of the common law and it is appropriate, therefore, to give liberal force to any statutes protecting the rights of the public in dealing with a public corporation in connection with such proprietary functions.

By the terms of the statute in force at the time of the filing of the notice of claim in question a verification was not required in connection with the claim for personal injuries. The statute strangely enough required greater solemnity with respect to the property damage to the plaintiff's automobile than it did with respect to the injuries to his body. Had the claim originally been filed for property damages alone, it might well be that the court would lack the power at this time to permit a verification inasmuch as the power goes to the correction of error in claims filed and an unverified claim is equivalent to no claim at all, when the statute requires the filing of a verified claim within the statutory period. However, in the case at bar, the claim for property damage was incidental only to the claim for personal injuries. A valid claim was filed and what is now sought is merely the correction of errors or omissions relating to one of the items of the said claim, to wit, the statement with respect to the property damage. This, the court believes, is within its power and within the fair intendment of the Legislature.

It is contended by the Corporation Counsel that section 14 of chapter 694 of the Laws of 1945, which excludes from the operation of the section cases barred by applicable statutory or case law in force prior to September 1, 1945, would prevent the granting of any relief to this plaintiff. In the opinion of this court, such section relates only to such cases as are barred for reasons other than defects in the notice of claim. As has been stated by all the courts which have passed upon this section, it is procedural in nature and, therefore, retrospective in scope. The Legislature sought to correct existing abuses and it was certainly not its intention to bind the hands of the courts with respect to errors which had already been made while permitting them to act with respect to those which might thereafter take place.

It is not claimed that the city has been prejudiced by the defective notice of claim. The claim with respect to the property damage is contained in the original notice. The mere failure to itemize it did not prevent the city from taking whatever steps were necessary to investigate the claim at the time it was made, nor does the failure of verification appear to have prejudiced them in view of the sworn examinations which they already have had.

The motion is accordingly granted.