[Civ. No. 8376.   Third Dist.   Sept. 28, 1954.]

A. J. KIRCHNAVY et al., Appellants, v. BATISTE R. LEVET et al., Respondents.

James O. Kibby and Jack M. McPherson for Appellants.

Larimer & Frost for Respondents.

PEEK, J.—This is an appeal from a judgment in favor of defendants and from an order denying plaintiffs' motion for a new trial in an action instituted for injunctive relief and damages.

The parties are adjoining landowners in Glenn County. Both had made changes in the topography of their respective parcels of land. Both also had constructed new and additional drainage facilities. Following the flooding of their land in the spring of 1950, plaintiffs filed this action to restrain defendants' alleged obstruction of the channel of a natural water course, and prayed for damages for the loss of crops alleged to have been suffered by reason of defendants' acts. The defendants admitted that they had filled a particular crossing of the stream between their property and that of plaintiffs, but alleged that this was part of the straightening of the channel of said stream; that rather than causing the damage alleged, more adequate provision was thereby afforded for all natural surface drainage than before; that plaintiffs had suffered no damage from the admitted acts of defendants; and, that plaintiffs therefore were entitled to no mandatory relief.

The basic findings of the trial court and those upon which its conclusion was predicated were that at the time plaintiffs acquired their property there were two natural water courses which crossed their land; that by the leveling thereof and by the construction of an irrigation drainage ditch, waters from the two channels were thereby prevented from flowing in their natural state across plaintiffs' property; that the amount and velocity of the water which in a state of nature would normally have drained from plaintiffs' land into a natural water course along the boundary line separating plaintiffs' property from that of defendants, was increased by the addition of the foreign waters contained in the irrigation ditch; that plaintiffs had allowed a culvert which defendants had installed to become so clogged as to materially affect its function, and these waters converged upon plaintiffs' land inundating the same and causing the alleged damage. The court further found that acts of defendants had in no way contributed to plaintiffs' damage.

Plaintiffs' first contention is that the findings are not supported by the evidence. In support thereof they have set forth an exceedingly lengthy summary of the evidence in an endeavor to show that the damage suffered by them was occasioned by the acts of the defendants. Persuasive as such

summary of the evidence may be, the fact remains that the evidence so relied upon was not the only evidence which was before the trial court, and, conflicting though that evidence was, this court, under the circumstances, would not be warranted in interfering with the conclusion of the trial court.

We again reiterate the elementary rule that every intendment is to be indulged in which lends support to the judgment, and every reasonable inference that may be drawn from the facts which tend to support a finding must be accepted.

The burden is on the appellant to show such a lack of substantial facts in the record that the reviewing court may say, as a matter of law, that there is no ground upon which the trial court could have based any reasonable inference in support of its finding, and unless this burden is adequately met, a reversal on such grounds cannot be ordered. (*Richards* v. *Plumbe,* 116 Cal.App.2d 132 [253 P.2d 126].)

Here the record discloses testimony by the former owner of the Kirchnavy property, as well as that of R. W. Hollis, watermaster of an adjacent reclamation project, that plaintiffs' construction entirely changed the natural flow of the two channels which comprised the major portion of the waters naturally flowing across plaintiffs' land. W. B. Grimes, an engineer, testified to the same effect, and in addition testified to the adequacy of the concrete culvert and its present deteriorated condition. The witness F. O. Siler also testified as to the clogged condition of the culvert. Milton Miller, County Farm Advisor, testified that plaintiffs' land was not well drained; that after the leveling there might have been some subsidence. Mr. Grimes, the engineer, also confirmed the testimony that the overflowed area was lower than the remainder of plaintiffs' land. Photographs and other documentary evidence were introduced in substantiation of such evidence.

Since it is readily apparent that the sole issue before the trial court was one of fact, that court's determination thereof disposes of the legal issues raised by plaintiffs, such as their right to discharge surface waters naturally accumulating on their land upon the land of defendants, and the liability of a lower owner for injuries caused to an upper owner by reason of obstructing the natural flow, causing the same to back up or remain on the land of the upper owner. (See *LeBrun* v. *Richards,* 210 Cal. 308 [291 P. 825, 72 A.L.R. 336] ; *Heier* v. *Krull,* 160 Cal. 441 [117 P. 530].)

Plaintiffs' further contention concerning the question of damages and the proper measure thereof becomes moot in view of the conclusion of the trial court that the overflowing of plaintiffs' land was the result of their own acts unaffected by the alleged wrongful acts of the defendants.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 24, 1954.