In the Matter of MALCOLM CHRISTIAN, Petitioner, against VILLAGE OF HERKIMER, Respondent.

County Court, Herkimer County, October 20, 1955.

*Andrew J. Moore* for petitioner.

*Philip D. O'Donnell* for respondent.

McCARTHY, J.   This is an application by Malcolm Christian, under subdivision 5 of section 50-e of the General Municipal Law, for permission to serve a notice of claim against the Village of Herkimer, for alleged negligence.

Under this statute, such a notice is required to be filed within ninety days after the claim arises, and failure to comply with the proceedings of this section may preclude an action for alleged negligence unless the petitioner shows that he has been mentally or physically incapacitated, and because of such condition has failed to serve his notice of claim within the time limited.

Any further extension beyond the statutory ninety days, has been generally frowned upon by the courts.

In *Matter of McEwan* v. *City of New York* (279 App. Div. 802), seven and a half months elapsed before such a claim was attempted to be filed.

In *Matter of Garrido* v. *City of New York* (272 App. Div. 756), the claimant failed to produce facts showing physical incapacity.

Such a failure was again found in *Matter of Haas* v. *Village of Cedarhurst* (272 App. 1031).

In *Matter of Auricchio* v. *City of New York* (272 App. Div. 1067), evidence was produced to show that within the statutory period, the defendant had considerable physical activity which of course, overcame any question of disability.

In *Matter of Ruskin* v. *City of New York* (271 App. Div. 934), four months' unexplained delay after the end of disability defeated the motion for leave to file notice of claim.

The Judicial Council recommended this section of the General Municipal Law to rectify the frequent and often gross injustices by which defects, in form, have prevented considerations on their merits of claims against municipal corporations.

We have been admonished that this section should be liberally construed. (*Matter of Boettner* v. *Village of Mamaroneck*, 123 N. Y. S. 2d, 849; *Miller* v. *City of New York*, 187 Misc. 926.)

The restrictions imposed upon suits against municipalities for acts arising out of proprietary as distinguished from governmental functions are interrogations of the common law and hence, courts will liberally construe statutes, protecting rights of the public in dealing with municipalities in connection with such proprietary functions.

The section is designed solely for the benefit of the municipality to assure an adequate opportunity to investigate accidents and explore the merits of the claim, while information is readily available. (*Teresta* v. *City of New York*, 304 N. Y. 440, 444; *Matter of Brown* v. *Board of Trustees of Town of Hamptonburg*, 303 N. Y. 484; *Matter of Figueroa* v. *City of New York*, 279 App. Div. 771.)

The supplemental affidavit of Malcolm Christian indicates that an account of this accident was published in the *Evening Telegram* on or about November 30, 1954, which paper was published in the village of Herkimer, and consequently, public notice of the accident was made available. Moving papers indicate that Malcolm Christian suffered a severe fracture of the right patella, and that an operation was necessary, and that he was confined to the Herkimer Hospital from the date of the accident, November 29th, to January 19th, during which time, his leg was placed in a cast. He suffered severe pain and was totally disabled. On February 2d, he was removed by ambulance to the Veterans Hospital at Syracuse. There he remained until February 28th. Further treatment at Mount McGregor Rehabilitation Center continued until May 25th. During most of this time he was confined to his bed, unable to walk. At Syracuse he was on crutches for three weeks, partly confined to bed and wheel chair. After leaving Mount McGregor on May 27th, he moved about with the aid of a cane, and being partially disabled for a period of six complete months.

Under these circumstances, which seem to be undisputed and which facts are confirmed by the affidavit of Dr. Huyck, it would seem that the applicant has established the fact that he was physically incapacitated beyond the statutory period, and unable to investigate, prepare and file his claim or secure someone to do it for him. (*Matter of Sullivan* v. *City of Watervliet*, 282 App. Div. 1097; *Matter of Huntley* v. *City of Albany*, 201 Misc. 426, 428, and cases there cited.)

The law has been well established that every man should have his right to his day in court, and this court feels that justice requires a full and complete hearing concerning the question of liability, if any. Consequently, in the exercise of the discretion given to courts in matters of this kind, it is hereby determined that the application of Malcolm Christian should be granted.

Submit order accordingly.