In the Matter of MOLLIE ROSENBERG, Appellant, against CITY OF NEW YORK, Respondent.

Argued June 8, 1955; decided November 22, 1955.

*Stanley Tessel, Alvin H. Zipnick* and *Bernard Turkewitz* for appellant. I. The issues presented by this appeal are matters of law and do not involve fact or discretion. (*Wass* v. *Stephens,* 128 N. Y. 123; *Mawhinney* v. *Millbrook Woolen Mills,* 231 N. Y. 290; *Adler* v. *Zimmerman,* 233 N. Y. 431.) II. On the undisputed facts of this case, appellant was physically or mentally incapacitated, within the meaning of subdivision 5 of section 50-e of the General Municipal Law, during the ninety-day period. (*Haines* v. *City of New York,* 270 App. Div. 1003, 296 N. Y. 702; *Bogle* v. *City of New York,* 299 N. Y. 620; *Matter of Haas* v. *Incorporated Vil. of Cedarhurst,* 272 App. Div. 1031, 298 N. Y. 757.) III. Appellant's rights were not forfeited by reason of the failure of her husband or some other person to file a notice of claim on her behalf. (*Murphy* v. *Village of Fort Edward,* 213 N. Y. 397; *Biancoviso* v. *City of New York,* 285 App. Div. 320.) IV. The nature and history of section 50-e of the General Municipal Law call for liberal and not strict construction. (*Teresta* v. *City of New York,* 304 N. Y. 440.)

*Peter Campbell Brown, Corporation Counsel* (*Seymour B. Quel* and *Ave Yeghenian* of counsel), for respondent. The order appealed from should be affirmed since the findings of Special Term in favor of defendant on the factual issues have been approved by the Appellate Division. In addition, the order is of a discretionary nature and presents no question reviewable by this court. (*Matter of Sullivan* v. *Town of Babylon,* 277 App. Div. 791, 302 N. Y. 609; *Matter of Donovan* v. *Board of Educ. of Peekskill Union Free School Dist.,* 277 App. Div. 904, 301 N. Y. 739; *Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach,* 301 N. Y. 233; *Matter of Haas* v. *Village of Cedarhurst,* 272 App. Div. 1031, 298 N. Y. 757; *Matter of McEwan* v. *City of New York,* 279 App. Div. 802, 304 N. Y. 628; *de Baillet-*

*Latour* v. *de Baillet-Latour,* 301 N. Y. 428; *Bata* v. *Bata,* 306 N. Y. 96; *Matter of McCarthy,* 304 N. Y. 601; *Hansen* v. *City of New York,* 299 N. Y. 136; *Los Angeles Investment Securities Corp.* v. *Joslyn,* 282 N. Y. 438.)

VAN VOORHIS, J. This appeal involves section 50-e of the General Municipal Law. On July 3, 1954, Mollie Rosenberg, and her infant children, Gloria Rosenberg and Marvin Rosenberg, were injured in an automobile accident occasioned by a collision with another vehicle upon the lower level of the Manhattan Bridge. They were passengers in an automobile driven by her husband, who was himself injured slightly in the accident. The negligence charged against the City of New York consists in permitting the traveled surface to become disintegrated so as to allow the smooth, slippery metal portions beneath the covering of the roadway to be exposed, causing it to become dangerous. Its condition is alleged to have become a public nuisance during rainy weather.

This appeal does not concern whether this alleged negligence on the part of the city would sustain a cause of action. The present issue is whether the ninety-day period permitted by section 50-e of the General Municipal Law should have been extended for the filing of a claim by petitioner on account of her incapacity resulting from the accident.

The accident happened, as above stated, on July 3, 1954. The ninety-day period expired on October 1, 1954. The notices of claim were filed on November 16, 1954.

Special Term denied all three applications to extend the time for filing in a memorandum, stating that the husband of appellant and the father of these infants, aged ten and sixteen respectively, '' was quite capable of presenting such claims in due time in behalf of the claimants (*Matter of Adanuncio,* 281 App. Div. 763). Neither were the infants so immature or so severely injured as to excuse the delay (*Matter of Adanuncio, supra*; *Russo* v. *City of N. Y.,* 258 N. Y. 344).'' The Appellate Division reversed as regards the infant claimants, stating that '' There are no circumstances which preclude, within the exercise of discretion, the granting of the motion on behalf of these infants. (*Biancoviso* v. *City of New York,* 285 N. Y. 320.) It is apparent that the city has knowledge of the condition of

the roadway of the bridge.'' Concerning the mother, who is the appellant here, the Appellate Division said: '' The appellant as well as someone on her behalf was capable of executing a notice within the statutory period. (*Matter of Halloran* v. *Board of Educ. of City of N. Y.*, 271 App. Div. 830; *Matter of Haas* v. *Incorporated Village of Cedarhurst*, 272 App. Div. 1031; *Matter of Sullivan* v. *Town of Babylon*, 277 App. Div. 791; *Matter of Donovan* v. *Board of Educ. of Peekskill Union Free School Dist.*, 277 App. Div. 904; *Matter of Johnson* v. *City of New York*, 278 N. Y. 945.) ''

Section 50-e of the General Municipal Law provides that the ninety-day notice may be extended for not more than a year '' Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivisions of this section within the time limited therefor ''. Application for such leave must be made prior to the commencement of an action to enforce the claim.

It thus appears that infancy *or* mental or physical incapacity fulfils the condition precedent, whereby '' the court, in its discretion, may grant leave to serve the notice of claim within a reasonable time after the expiration of the * * * [ninety days] specified in subdivision one.'' The failure to serve the notice of claim must be due to disability resulting from infancy or incapacity. The Appellate Division held, in case of these infants, that failure to file their claims was caused by their being infants, and extended the time accordingly. No appeal has been taken by the city from that determination, so that the only issue before us is whether the time of appellant, the mother, ought similarly to have been enlarged. Appellant's injuries were very severe, as will be pointed out in greater detail. The papers before the court do not draw in issue that she herself was incapacitated beyond the ninety-day period, or that she proceeded to file her claim as soon as was reasonably possible after her incapacity ceased. The effect of the decision by the Appellate Division is that her husband should have done it for her. There is nothing in the statute which states that a husband, brother, cousin, friend or other person must attend to the serving of a notice of claim if the injured person is incapacitated from doing so. In appellant's case, vicarious

service of notice of claim within the year was at most permis-sive but not mandatory. No claim can be filed, in any event, after the lapse of one year, but in this instance the year did not expire until July 4, 1955. The question is whether it is not enough that the claimant herself is incapacitated, without the necessity for the court to engage in a speculative inquiry con-cerning whether she and her husband were living together as husband and wife, who is a " next friend ", or to investigate the host of other considerations which would bear upon an assumed obligation to file by another in her behalf. It is true that in several of the Appellate Division decisions it has been stated that such an application should be denied where it has not been demonstrated that there was incapacity " so as to prevent her from serving a notice of claim sworn to by her or by someone in her behalf." (*Matter of Sullivan* v. *Town of Babylon,* 277 App. Div. 791, citing the other cases which are cited on the point in the majority memorandum of the Appellate Division in this case.) None of those decisions involved the present undisputed evidence of incapacity on the part of the claimant due to injuries sustained in the accident. In each of them it would have been reasonably possible for the claimant in person to have executed a claim and to have attended to its service within the ninety-day period. Whether the ninety-day period is to be extended does not, at least in the case of an adult not adjudged to be mentally incom-petent, depend upon whether there is someone other than the claimant who can act in the matter prior to the expiration of a year. Any idea of that sort probably originated from the irrevocable limitation which comes with a lapse of a year from the date of an accident. That requirement is absolute, and neither infancy, insanity nor physical or mental injuries sus-tained in the accident can eliminate that barrier. Therefore, if such a claim is to be prosecuted, it is absolutely necessary that before a year elapses someone other than the claimant shall attend to the presentation of the claim, even though the claimant may be totally incapacitated. Nothing in the statute, however, requires that someone else shall act for such an injured person as a condition precedent to the court's extending the ninety-day period for less than a year. To adopt such a rule would, as previously stated, involve all sorts of complications, and the statute does not enact it.

The Appellate Division has held, in effect, that it lacked power to extend the time in appellant's case. Inasmuch as it appears from the record as matter of law that she was incapacitated until her claim was filed, the Appellate Division was empowered to exercise its discretion concerning enlarging the time in appellant's case in its sound judicial discretion. The statement in the Appellate Division's memorandum that appellant was not incapacitated is equivalent to a statement that they never reached the exercise of discretion. Since the undisputed facts contained in the affidavits indicate that she was incapacitated, the Appellate Division erred upon a question of law, and should have assumed jurisdiction to decide the question in the exercise of its discretion. Ordinarily, under those circumstances, the matter would be remitted to the Appellate Division to exercise its discretion on the basis of her established incapacity concerning whether under the circumstances of the case her time should be extended.

It is apparent, however, that if appellant was incapacitated by her injuries as matter of law, then her situation exactly parallels that of her two children who are given the same status by reason of their infancy. As was pointed out above, section 50-e is drafted in the alternative so that either infancy or physical or mental incapacity provides a foundation on which the court may act. Having decided, in its discretion, that the time of the infants should be extended, the Appellate Division, in the exercise of the power to extend the time in the case of this appellant, could not, under the circumstances of this case, have refused to extend appellant's time likewise without its decision being purely arbitrary. It thus indicated its exercise of discretion.

Appellant's incapacity is established by the record as matter of law. Her injuries are thus stated in the affidavit of her attending physician: " (1) Lacerations of the face. (2) Fracture of the right radius and right ulna. (3) Fracture of the nasal bone. (4) Fractures of the left tibia, left fibula, and left femur. (5) Fractures of the left ribs numbered 2, 3, 4, 5, 6, 7, and 10. (6) Indentation of the sternum and probable fracture of the sternum. (7) Brain concussion." This doctor further states that " As a result of the severe physical and emotional shock that the patient sustained, she was in my opinion physically and

mentally incapacitated from exerting the required mental effort to understand a notice of claim and the required physical effort to file a claim for a period of 105 days from the date of the accident.'' He stated that for 77 days she remained in the hospital, that during this time she was under the influence of drugs much of the time, that she was removed to her home on September 17, 1954, and was thereafter confined to her home more than a month, during which period she exhibited symptoms of extreme depression; that, while at home, she was staining continually and was therefore confined to bed, that she is unable to dress herself and requires assistance in performing such elementary tasks as going to the toilet, that during the first month after her discharge from the hospital, she was unable to concentrate for any length of time on any subject, having periods of extreme depression, that she constantly complained of dizzy spells, severe headaches, and nausea. This affidavit is amplified by appellant's own, in which, among other matters, she mentions that 120 stitches were taken in her face, that she was in great pain and spent much of the time in a drugged condition, that she retained her attorneys on November 11, 1954, and that they served her notice of claim on November 16, 1954, the five days' delay on their part being due to an intervening weekend and the necessity for making an investigaton. These affidavits are not contradicted nor is their credibility attacked.

In view of all these injuries including about fifteen fractures, and the constant application of powerful sedatives which extended long after she had returned to her home, there could have been no question about her personal disability arising from physical and mental incapacity to file this claim. The only basis on which the Appellate Division could have found that she possessed such capacity is its expressed theory that her husband could have filed for her. That theory is erroneous as matter of law.

Service and filing of appellant's notice of claim on November 16, 1954, is validated pursuant to section 50-e of the General Municipal Law as if made within the ninety-day period following the occurrence of the accident. For all purposes, including the purpose of any action commenced by appellant against the City of New York within the time limited by law, the claim shall

be deemed to have been duly filed as provided by the order of this court entered July 8, 1955. (309 N. Y. 754.) Costs are awarded to appellant in all courts.

The order of the Appellate Division and that of Special Term should be reversed. Service and filing of appellant's notice of claim on November 16, 1954, is validated pursuant to section 50-e of the General Municipal Law as if made within the ninety-day period following the occurrence of the accident. For all purposes, including the purpose of any action commenced by appellant against the City of New York within the time limited by law, the claim shall be deemed to have been filed as provided by the order of this court entered July 8, 1955, with costs to appellant in all courts.

Conway, Ch. J., Froessel and Cohn *, JJ., concur with Van Voorhis, J.; Desmond, Dye and Fuld, JJ., dissent and vote to affirm.

Orders reversed, etc.

* Designated pursuant to section 5 of article VI of the State Constitution in place of Burke, J., disqualified.