George Tilzer, J.
This is an application for leave to serve and file notice of claim against the City of New York pursuant to the provisions of section 50-e of the General Municipal Law. The petitioner relies on Matter of Rosenberg v. City of New York (309 N. Y. 304). The facts, which are set forth clearly at pages 309-310, hardly approximate the facts in the instant case. In the instant case it is not disputed that the plaintiff: was confined to the Knickerbocker Hospital from August 11 to November 19,1955. It would therefore appear that the plaintiff was in this hospital within the 90-day period provided by the statute. However, an examination of the hospital records submitted on this motion indicates that although the plaintiff did have a fracture of the right ankle, nevertheless his physical condition otherwise was not affected. Thus the hospital records on the day after the admission show the following: ‘ ‘ Patient is comfortable, cooperative.” An examination of the remaining portion of the hospital record fails to show that the plaintiff was so incapacitated that he could not file this claim. In Matter of Rosenberg v. City of New York (supra, p. 310) the court, in concluding its remarks concerning the injuries of the claimant in that case said as follows: ‘ ‘ In view of all these injuries including about fifteen fractures, and the constant application of powerful sedatives which extended long after she had returned to her home, there could have been no question about her personal disability arising from physical and mental incapacity to file this claim.”
The historical reasons which control the granting of this application are set forth in Matter of Martin v. School Bd. of Union Free Dist. No. 28, Long Beach (301 N. Y. 233) and Matter of Brown v. Board of Trustees of Hamptonburg School Dist. (303 N. Y. 484). It is obvious from these decisions the granting of this application cannot be regarded as a favor to be extended by the Supreme Court to a claimant. There must be a showing that the plaintiff was so physically incapacitated that he was unable to file this claim. A reading of these hospital records will show clearly the reasons that have prompted the Legislature and the courts in adopting their views concerning the filing of claims. Thus it indicates that the plaintiff, 50 years of age, married, born in the United States, met with this accident in a manner different from that set forth in his proposed notice of claim. While this court cannot conclude which statement is correct, it emphasizes the fact that there is need that a municipality shall have a reasonable notice after the accident or a filing of claim so that it may be in a position to investigate the same. Moreover, this court feels that there has *452 not been an entire disclosure of the facts incident to the retaining of this attorney and also concerning his activities from November 19, 1955 to December 22, 1955. In his affidavit on this application the plaintiff stated, in part, as follows: “ It was not until the aforesaid date [Dec. 22, 1955] that my attorney, Mr. Steinberg, visited me with respect to another matter, that I was able to explain my predicament, and attempt to make a claim against the City of New York.” It would have been a simple matter for the plaintiff to correspond with his attorney and to comply with section 50-e of the G-eneral Municipal Law.
Under all the facts and circumstances in this case I believe that the plaintiff has not established that it was his physical incapacity which was the reason for his failure to make timely claim concerning this accident. Motion is denied.