Archibald C. Wemple, J.
The applicant is the father and guardian ad litem of Elaine B. Kramer, age 11, who, on October 20, 1955, sustained an ankle fracture as a result of a fall from a merry-go-round on a school playground in the city of Schenectady. The applicant alleges that the accident was caused by the negligence of the Board of Education and the City of Schenectady.
The applicant further alleges that shortly after the accident, informal notice, not in conformance with section 50-e of the General Municipal Law, was given the city through one of its officials in the Department of Parks and Recreation. The applicant also alleges that he was not aware that a notice of claim must be filed with the city within 90 days after the accident occurred until he consulted his attorney. Applicant seeks to file claim after expiration of the 90-day period.
The city claims that although the injured claimant is an infant, she was not so physically incapacitated nor suffered from such mental instability as to be declared incapable of and not responsible for submitting a notice of claim against the City of Schenectady. The city also claims that it was deprived of an adequate opportunity to investigate the alleged accident and explore the merits of the claim, and that one of the city’s local ordinances requires that a notice of claim be presented to the city within 90 days, without regard to disability. Subdivision 5 of section 50-e of the General Municipal Law reads as follows: “Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim as provided in the foregoing subdivision of this section within the time limited therefor, * * * the court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified in subdivision one. Application for such leave must be made within a period of one year after the happening of the event upon which the claim is based ”. (Italics supplied.)
The applicant appeals to the discretion of the court. The court feels that the language here is clear and that the injured party in this case, being of the age of 11 years, falls squarely within the class contemplated in the language of said statute and it requires no further explanation.
*646 The court further feels that the statute cited should not be construed so rigidly as to deny justice to claimants. (Matter of Huntley v. City of Albany, 201 Misc. 426.) While the said section is designed solely for the benefit of the city to assure it adequate opportunity to investigate accidents and explore the merits of claims, there is some evidence that in the case at bar, a high public official was given notice of the claim, however informal it may have been. At least it can be assumed that the City of Schenectady has not been harmed and that it has adequate notice of the claim so as to be in a position to defend itself.
The question as to the inconsistency of the local city ordinance and section 50-e of the General Municipal Law is adequately disposed of by an examination of section 13 of chapter 694 of the Laws of 1945, effective September 1, 1945, which provides as follows: “ The provisions of section fifty-e of the general municipal law, as added by this act, shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and shall be controlling.”
The court feels that in the interest of justice, the discretion of the court should be exercised in favor of the claimant and that the application should be granted.
Submit order.