Matthew M. Levy, J.
Subdivision 5 of section 50-e of the General Municipal Law, invoked by the claimant to overcome tardy filing of his claim, requires service thereof “ within a reasonable time after the expiration” of the 90-day period specified in subdivision 1.
Whatever the situation may have been had the claimant sought to file his claim promptly after his discharge from the hospital on August 27, 1957, it is clear, on the facts presented, that the delay from that date to November 12, 1957, a period in itself of 77 days (excluding the 84 days since the cause of action arose and during which the claimant was hospitalized) was more than the reasonable time envisaged in the statute.
The claimant has completely failed to substantiate — if indeed he maintains — that the administered drugs or narcotics had in any way affected his condition so as to have prevented him from filing the notice of claim within the required time. There is no showing that his failure to serve the notice was by reason of mental or physical disability, as required by subdivision 5, but rather that it was because he was not aware of . the now-claimed seriousness of his injury.
I gave the claimant extended opportunity to submit precedents supporting his position, but none was forthcoming.
The claimant’s motion must be and is denied.
(Motion for reargument.)
The record does not warrant any change of decision, and the application for leave to reargue is denied.
The eases cited in the brief submitted by plaintiff do not cover the claim set forth in the moving papers. Plaintiff’s claim as there presented was based on the operation itself and the alleged improper operative procedures of assertedly inexperienced internes and doctors at the time of the operation. Indeed, the plaintiff himself stated, in his moving affidavit, that the alleged malpractice occurred on June 4,1957, the date of the operation. Being apparently apprised that something was wrong, it was claimed that he was assured by another doctor that his hand would be restored to use. But, the fact (if it be the fact) that the plaintiff did not know the true situation is irrele *607 vant under existing law (Ranalli v. Breed, 251 App. Div. 750, affd. 277 N. Y. 630; see Committee on Medical Jurisprudence of Association of Bar of City of New York, Report on Arndt, to Statute of Limitations Relating to Malpractice Suits [May 13, 1958]).
There was no claim that the post-operative treatment was rendered in a negligent manner. If, as plaintiff now claims, the alleged malpractice was a continuing one until he was released from the hospital in August, 1957, then the plaintiff had sufficient statutory time within which to file his notice of claim; and, of course, no permission is required to file within that period. Instead of duly filing the claim, he chose to seek court permission to do so, but applied too long after the expiration of the statutory period, and such leave under the statute is impermissible. (General Municipal Law, § 50-e, subd. 5.)