[Civ. No. 176. Fifth Dist. Apr. 4, 1963.]

GILBERT D. GONZALES, Claimant and Respondent, v. COUNTY OF MERCED et al., Defendants and Appellants.

McCormick, Barstow, Sheppard & Coyle and Hollis G. Best for Defendants and Appellants.

Kane & Canelo, Adolph B. Canelo III and Ferol Thorpe Boucher for Claimant and Respondent.

BROWN (R. M.), J.—This is an appeal from an order granting respondent's petition to file a claim pursuant to Government Code section 716 after the expiration of the 100-day filing period (Gov. Code, § 715).

The respondent, then 21 years of age, was injured on June 25, 1961, in striking his head while diving into Lake Yosemite. Immediately thereafter he was paralyzed from the chest downward, fracturing his cervical spine with resulting quadriplegia. The respondent has been continuously hospitalized since the accident, confined in a Stryker frame, is conscious but unable to write.

Respondent, being under the impression (though he could not remember how or when he gained such information) that he had a year within which to file his claim, through his wife, consulted an attorney on May 25, 1962, and subsequently retained his present attorney on May 28th, who filed a petition on June 6, 1962, for leave to file a claim after the expiration of time specified in Government Code section 715.

The trial court granted respondent's petition to present the claim, having been satisfied that the county would not be unduly prejudiced thereby and that the respondent was physically incapacitated from the date of the accident to the present time and by reason of such disability failed to present a claim within such time.

This court is bound by the familiar rules as to supporting the findings of the trial court, that it is the burden of appellant to show such a lack of substantial facts in the record that there is no ground upon which the trial court could have based any reasonable inference in support of its

finding (*Kirchnavy* v. *Levet*, 127 Cal.App.2d 586, 588 [274 P.2d 161]; *Endo* v. *State Board of Equalization*, 143 Cal.App. 2d 395, 399 [300 P.2d 366]; *Estate of Arstein*, 56 Cal.2d 239, 240 [14 Cal.Rptr. 809, 364 P.2d 33]; and *Estate of Goodhew*, 174 Cal.App.2d 75, 79 [344 P.2d 63]); and that any ambiguities in the findings of fact and conclusions of law are to be resolved in favor of sustaining the judgment (*Murphy* v. *Sheftel*, 119 Cal.App. 467, 469 [6 P.2d 549]).

 It is appellants' position that the words "by reason of such disability" mean that respondent, even though completely physically incapacitated, did not file his claim because he was under the impression that he had a year within which to do so, and thus could have obtained the services of an attorney or doctor, or, being married, could have had his wife or some other person acting in his behalf (Gov. Code, § 711) file such a claim for him during that time as he was not mentally incapacitated, and that thus, respondent has not shown that such delay in filing was by reason of such disability and that the petition should have been denied because it was not filed within a reasonable time after the 100-day period. (*Steele* v. *City of New York*, 12 Misc.2d 605 [177 N.Y.S.2d 816]; *Nunziato* v. *City of New York*, 3 Misc.2d 450 [149 N.Y.S.2d 636].)

Government Code section 716 provides that the superior court shall grant leave to present a claim after the time specified in section 715 if the entity against which the claim is made will not be unduly prejudiced, and where the claim was not presented during such time because the claimant was a minor or, "(b) Claimant was physically or mentally incapacitated during all of such time and by reason of such disability failed to present a claim during such time . . ." Such application may be determined on the basis of verified petitions, affidavits and evidence received at the hearing.

 The California Law Revision Commission Report published in 1959 commencing at page A-122, in referring to a portion of the New York law, makes the following statement:

"Section 50e, it will be noted, incorporates a compromise between the need to relieve persons under a disability from the consequences of noncompliance and the policy against stale claims. It is believed that this device—*a discretionary power in the court to relieve from default* coupled with express authority for claims on behalf of infants and incompetents to be presented by third persons—*will provide a satis-*

*factory solution to the problem."* (Italics ours.)

In the ends of justice, we feel that it is necessary to construe Government Code section 716 in this manner, and particularly where there is admittedly no undue prejudice as far as the public entity is concerned.

The commission further stated in its 1959 report that the claims statutes have two principal purposes—to give the government entity an opportunity to settle claims before suit is brought, as well as to make an early investigation of the facts so it can defend itself; and further said: ". . . , the strict application of such claims provisions to persons who are minors or mentally or physically disabled has frequently resulted in denying claims which otherwise appear to be meritorious" (p. A-115; 6 U.C.L.A. L. Rev. 205, 267); and that, "The basic purpose of a claims statute is notice; . . ." (p. A-127).

Professor Von Alstyne is quoted in 8 U.C.L.A. Law Review 497, 532, as follows: "Notice of claim requirements have traditionally been regarded in the United States as primarily a means of protecting the public treasury against unfounded and unmeritorious claims for liability. The new general claims statute enacted by the California Legislature in 1959 adequately fulfills this function."

Articles concerning the accident having been published in the Merced newspapers and some investigation having been made by the county officials, there was no argument by the appellants that the County of Merced would not be unduly prejudiced by the late filing.

There can be no question but that the respondent was permanently physically incapacitated, according to the affidavit of respondent and testimony of his doctor, his attorney, his nurse and his wife, which is sufficient reason why such claim was not filed earlier.

An interpretation of comparable sections to our claims statutes is discussed in *Christian* v. *Village of Herkimer,* 208 Misc. 814 [148 N.Y.S.2d 384]; *Application of Kramer,* 2 Misc. 2d 644 [150 N.Y.S.2d 489]; *Boettner* v. *Village of Mamaroneck,* 123 N.Y.S.2d 849; and *Miller* v. *City of New York,* 187 Misc. 926 [63 N.Y.S.2d 44], which cover public notice in newspapers, letters, and in general, hold that it is the intent of the Legislature to do away with strictures on justice and to give liberal force to statutes protecting rights of the public in dealing with a public agency.

We think that the court was exercising its discretion

properly based on substantial evidence when it granted respondent's petition to file the late claim in that such physical condition was the reason for the late filing.

Physical disability alone, as in this case, is sufficient without regard to mental capacity, and the law does not require someone else to act for him and it is immaterial that he had a mistaken impression as to the one-year period for filing such a claim.

Permission to file a late claim not to exceed one year from the date of the accident is comparable to a statute of limitations. In *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], at page 630, as quoted in *Schulstad* v. *City & County of San Francisco,* 74 Cal.App.2d 105, 106-107 [168 P.2d 68], the court said:

" 'Although it has been repeatedly held that compliance with the appropriate claim statute is mandatory and an essential requisite to plaintiff's cause of action, nevertheless the time element with respect to the filing of the claim is essentially procedural in nature [citing cases] and is analogous to a statute of limitation. [Citing cases.] It has been intimated by some authorities that the claim statute is the measure of the power of the governmental agency in paying the tort claims involved, and hence any deviation from that procedure cannot be dispensed with by waiver, estoppel, or otherwise. That conclusion, at least with respect to the time of filing the claim, is not supported by the statute or reason.' "

Mental *or* physical incapacity is sufficient—not both. (*Application of Photakis,* 198 Misc. 514 [99 N.Y.S.2d 82]; *Rosenberg* v. *City of New York,* 309 N.Y. 304 [130 N.E.2d 629]; *Braunstein* v. *City of New York,* 272 App.Div. 1060 [74 N.Y.S.2d 391]; *Shanahan* v. *City of New York,* 31 Misc.2d 31 [219 N.Y.S.2d 418].)

In *Barra* v. *Port of New York Authority,* 192 N.Y.S.2d 838, the court cited the *Rosenberg* case, *supra,* and said at page 840: "The modern trend of judicial decisions in cases involving application for leave to file a late notice of claim is in favor of granting such leave unless absolutely forbidden by statute (*Biancoviso* v. *City of New York,* 285 App.Div. 320 [137 N.Y.S.2d 773]; *Rosenberg* v. *City of New York,* 309 N.Y. 304 [130 N.E.2d 629])."

The *Rosenberg* case, *supra,* also held that the physically disabled claimant does not have to ask someone else to act for him even though such a friend or relative may be capable

of doing so, and that "[t]here is nothing in the statute which states that a husband, brother, cousin, friend or other person must attend to the serving of a notice of claim if the injured person is incapacitated from doing so. . . . The question is whether it is not enough that the claimant herself is incapacitated, without the necessity for the court to engage in a speculative inquiry concerning whether she and her husband were living together as husband and wife, who is a 'next friend,' or to investigate the host of other considerations which would bear upon an assumed obligation to file by another in her behalf.''

The Law Revision Commission Report further discusses the following of a stricter rule as follows (pp. A-120 to A-121): ''Claims statutes apply to minors and incompetents in the absence of an express statutory exception. A preponderance of the California cases follow this view; but the seeming harshness of the rule is ameliorated by cases or statutes that allow someone else to file a claim on behalf of a claimant who cannot do so himself. This view, it is submitted, is reasonably satisfactory in most instances; but it is exposed to the possibility that the claimant's rights may be lost by failure or neglect on the part of a third party who has no legal duty to act and over whose actions the minor or incompetent person has no effective control.''

 Thus, it would appear to us that the trial court properly exercised its discretionary power; that such will not be reviewed or disturbed except for an abuse of discretion (*Wellborn* v. *Wellborn,* 67 Cal.App.2d 540, 542 [155 P.2d 95]; *Miller* v. *Republic Grocery, Inc.,* 110 Cal.App.2d 187, 190 [242 P.2d 396]); that such limitation placed on discretionary judicial power is that it not be abused (*Clavey* v. *Lord,* 87 Cal. 413, 419 [25 P. 493]; *Quinn* v. *Recreation Park Assn.,* 3 Cal.2d 725 [46 P.2d 144]); and that there is a presumption in favor of the action of the trial court in that its discretion was properly exercised (*Estate of Triest,* 72 Cal.App. 268, 275 [236 P. 930]; *People* v. *Franklin,* 41 Cal.App. 2d 669, 670 [107 P.2d 500]; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672-673 [169 P.2d 453]).

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 29, 1963