■ In the Matter of the Claim of JAMES LAWRENCE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order entered December 8, 1967, reversed on the law and the facts, and that branch of the motion which seeks leave to file a notice of claim pursuant to section 50-e of the General Municipal Law, *nunc pro tunc,* is denied, without costs or disbursements to either party. Notice of claim against the defendant New York City Transit Authority was required to be filed within 90 days after the claim arose (General Municipal

Law, § 50-e). The notice of claim here was not timely filed, but was filed three days beyond the 90 days allowed by the statute. Even if we consider the fact that counsel might have been given the wrong date of the accident (as being two days after the actual date), still, the notice of claim would have been considered as being filed one day late. Nor can we, in the circumstances, grant leave to file beyond the original 90 days on the claim that because of the claimant's physical incapacity, he was unable to serve notice of claim within the 90 day allowable period. While the injuries were serious, it was not by reason of the injuries that the claimant failed to file a timely notice of claim. The record quite clearly reveals that on March 27, 1967 claimant obtained counsel. This was but eight days after the accident. On that date, not only did claimant retain counsel but he signed and verified his notice of claim, signed and swore to a request for a police accident report and for a copy of his hospital record. Thereafter, counsel failed to file the notice of claim on time. This failure, of course, cannot be attributed to the claimant's physical condition. (See *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500; *Matter of Auricchio* v. *City of New York*, 272 App. Div. 1067, affd. 299 N. Y. 607.) Concur — Stevens, J. P., Eager and Rabin, JJ.; Capozzoli and McGivern, JJ., dissent in the following memorandum by Capozzoli, J. I dissent and vote to affirm on the ground that the claimant has demonstrated sufficient evidence of physical and mental incapacity to justify a grant of permission to file a late notice of claim. Claimant sustained an amputation of his right leg and left foot, as a result of being run over by four cars of a Transit Authority subway train, on March 19, 1967. The record demonstrates that he was hospitalized from the time of said accident until the time of his application to the court below for leave to file a notice of claim *nunc pro tunc.* He is apparently still hospitalized and under medical care for the injuries sustained in said accident. A notice of claim was served on the Authority on June 20, 1967. Claimant's present counsel did not know, until after the motion was made in the court below, that claimant had apparently retained another attorney eight days after the accident. The affidavits in support of the motion below indicate that the claimant was in no condition at that time to understand the nature and consequences of his acts, if, in fact, he did realize that he was acting at all. As a matter of fact, referring to the alleged retention of counsel and signing of his notice of claim and requests for police and hospital records, claimant stated as follows: "I have absolutely no recollection of signing any papers on or about that time. * * * my physical condition was such that I was in extreme pain and did not have the requisite physical strength to know what I was doing." Claimant went on to point out to the court that, from October, 1966 until March, 1967, he had been confined to Rockland State Hospital and was released only a short time before the accident. Later, in the same affidavit, the claimant further states as follows: "After the accident, when I found myself in Harlem Hospital and found that I had sustained the amputation of one leg and part of the other leg, my physical and mental condition was such that it was not possible for me to know what I was doing eight days later, and have no recollection of signing any papers for an attorney more than a week later." When one considers the nature of the accident and the consequential injuries resulting therefrom, it is reasonable to believe, although the affidavit is silent on this point, that, eight days after the accident, this claimant was in severe pain and under necessary sedation. How he could have been expected, at that time, to give a rational, logical and informative statement of the occurrence to an attorney or anyone else is difficult to understand. To deny to this claimant the right to file a notice of claim because, at best, it is three days late, is even more difficult to understand. In a case in which a notice of claim was filed a month and a

half late the Court of Appeals directed its acceptance (*Matter of Rosenberg v. City of New York*, 309 N. Y. 304). At page 309 of the last cited case the court said: "section 50-e is drafted in the alternative so that either infancy or physical or mental incapacity provides a foundation on which the court may act". Since it reasonably appears from the record that claimant was incapacitated until his claim was filed, and such incapacity contributed to the short delay of three days, it is unreasonable to deprive this claimant of a trial on the merits of his case.