Daisy Campbell, Appellant, and Harry A. Campbell, Plaintiff, v. The Delaware Realty Company, Inc., Respondent.— Plaintiff has appealed from an order dismissing her complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the Statute of Limitations had run against her cause of action. The complaint alleges that defendant was the owner of a three-story brick dwelling house in the city of Albany, and that plaintiff was a tenant in such premises. It is also alleged that ingress and egress from the various apartments to the public highway was by means of a stoop and steps, and that the stoop and steps were not properly maintained by the defendant. Plaintiff alleges that on July 6, 1934, due to the defective condition of the stoop and steps and due to defendant's failure properly to maintain same, plaintiff fell and sustained injuries, to recover damages for which the action is brought. Although the accident occurred on July 6, 1934, the action was not commenced until June 19, 1940. The Special Term dismissed the complaint on the ground that the Statute of Limitations was a bar. Plaintiff claims that her action is in nuisance rather than negligence and that, consequently, the six-year statute is applicable. The complaint was properly dismissed. Order unanimously affirmed, without costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

## Fourth Department, March, 1941.
### (March 5, 1941.)

In the Matter of the Estate of Laura M. Murphy, Deceased.— Decree, so far as appealed from, affirmed, without costs. All concur. (The portion of the decree appealed from directs the discharge of a mortgage on property owned by a legatee of decedent.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

Esther M. Young, Appellant, v. Harry E. Harding, Respondent.— Judgment affirmed, without costs. All concur. (The judgment is for defendant in an action for damages for malpractice.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.