BERTHA LUBARSKY, Plaintiff, *v.* CITY OF LONG BEACH, Defendant.

Supreme Court, Special Term, Nassau County, December 16, 1953.

*William J. Tropp* for defendant.

*Bernard P. Levy* for plaintiff.

PETTE, J. Motion for reargument granted. Upon reargument the original disposition is withdrawn and the following determination made:

This is an action to recover damages for personal injuries claimed to have been sustained by the plaintiff on June 19, 1949, when, through the alleged negligence of the defendant in the maintenance and control of its boardwalk and stairway leading to a restroom, she was caused to fall and be precipitated down the said stairway.

Paragraph " VII " of the complaint alleges, in part, as follows: " That heretofore and on the 19th day of August, 1949, and within sixty days after the claim herein sued upon arose, the plaintiff caused a notice of claim in writing, sworn to by or on behalf of the claimant, to be served upon the defendant, by delivering the same to the Corporation Counsel of the City of Long Beach."

Contending that the notice of claim above referred to was served upon the sixty-first day after the claim sued upon arose, despite the conclusory allegation that the notice of claim was served " within sixty days ", the defendant moves to dismiss for legal insufficiency pursuant to subdivision 4 of rule 106, on the ground that it is apparent from the face of the complaint that the notice of claim was not served within the sixty-day statutory period set forth in section 50-e of the General Municipal Law, effective at the time of the filing of the notice of claim involved.

The plaintiff urges, in opposition, that the defense of the Statute of Limitations is an affirmative defense which may not be considered on a motion to dismiss a complaint for legal insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, and that in any event the retention of a notice of claim for a period of four years constituted a waiver on the part of the defendant of the requirement of the period in which service thereof is to be made. Unfortunately neither of these objections can be sustained.

While it is true that a complaint is not subject to a dismissal under the rule of Civil Practice here invoked when it is barred by an ordinary Statute of Limitations, the law is otherwise when the statute is a matter of substance limiting the right as well as the remedy. Under those circumstances the filing of a notice of claim within the prescribed period is a condition precedent to the maintenance of the action. Compliance with such requirement must be pleaded and proved by the plaintiff (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198; see, also, *Citrone* v. *Palladino,* 77 N. Y. S. 2d 489), and need not be affirmatively pleaded by the defendant (see *Wesling* v. *Solovey,* 277 App. Div. 834).

Thus in *Colehamer* v. *City of Troy* (273 App. Div. 1048), the Appellate Division, Third Department, unanimously affirmed an order of Special Term wherein the complaint was dismissed for legal insufficiency. There the accident happened on April 11, 1946, and the bill of particulars served showed that the notice of claim was not filed against the City of Troy until June 22, 1946, or more than sixty days after the happening of the accident. The court held that the plaintiff thus " failed to comply with the requirements of section 50-e of the General Municipal Law and section 244 of the Second Class Cities Law."

Similarly in the case at bar it appears from the face of the complaint that the accident happened on June 19, 1949, but the notice of claim was not filed against the City of Long Beach

until August 19, 1949 — or one day more than sixty days after the happening of the accident. This was too late to comply with the requirements of section 50-e of the General Municipal Law then in force and section 257 of the Charter of the City of Long Beach (by L. 1950, ch. 481, eff. Sept. 1, 1950, the sixty-day period was enlarged to ninety days).

Accordingly, the court is constrained to grant the defendant's motion and to dismiss the plaintiff's complaint.

Settle order on notice.