In the Matter of MABEL M. WHITE, Respondent, against CITY OF NEW YORK, Appellant.

First Department, December 7, 1954.

*Ave Yeghenian* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorneys), for appellant.

*Asher W. Schwartz* of counsel (*O'Donnell & Schwartz,* attorneys), for respondent.

*Per Curiam.* Claimant was injured on July 16, 1953, by a policeman's horse while watching a parade at Fifth Avenue and Fifty-Seventh Street. She served a notice of claim against the City of New York on October 15, 1953, asserting the negligent causation of her injury. This was ninety-one days after the occurrence.

The applicable statute, section 50-e of the General Municipal Law, requires in a case founded on tort where notice of claim is a condition precedent to the institution of an action, that such

notice "shall be given within ninety days after the claim arises." The notice here was served, therefore, one day beyond the time permitted by statute.

The same statute authorizes the court to allow service of such a notice "within a reasonable time" after the expiration of the ninety days, and the court at Special Term has permitted claimant to serve a notice in this case. The city appeals.

The circumstances which allow the exercise of judicial discretion to permit a late filing of the notice are precisely prescribed by the statute in terms which seem to permit the exercise of the discretionary power only when the statutory conditions are shown to exist. No area of general discretion seems admissible within this language.

The court "may grant leave" for late service "where" the claimant is an infant or is "mentally or physically incapacitated" and "by reason of such disability" fails to serve the notice on time. The power to be exercised under the carefully chosen words of the Legislature has been rigidly and exactly construed. (*Matter of Matrisciano* v. *City of New York,* 281 App. Div. 1046. See, also, *Matter of Coyle* v. *New York City Tr. Auth.,* 283 App. Div. 1083, and *Munroe* v. *Booth,* 305 N. Y. 426.)

Claimant does not show that the delay in serving the notice was "by reason" of disability arising from mental or physical incapacity. She shows disability after the accident but no disability is shown to have continued throughout the period, ending in October, within which service might have been made.

The result to be reached in refusing to allow a late service in this case where the notice was served only one day late is harsh; but we see no way toward amelioration either by reading the statute as allowing service more than ninety days after the cause accrued; or as permitting a judicial extension for causes other than those prescribed in plain words.

It may well be that more latitude should be allowed the court in relieving situations of hardship or marked injustice where the time has run out; but that is a matter of legislative policy. We are unable to construe the words of the existing statute to allow an extension of time in this case.

The order should be reversed, without costs and the application denied.

DORE, J. P., CALLAHAN, BASTOW, BOTEIN and BERGAN, JJ., concur.

Order unanimously reversed and the motion denied.