In the Matter of CHARLES DE STEFANO, Respondent, against CITY OF NEW YORK, Appellant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. The physical disability of the

claimant was not such as to excuse his failure to serve a notice of claim within the time limited therefor. It appears that the claimant conferred with his attorney several times during the period of ninety days following the happening of the alleged accident. The statute (General Municipal Law, § 50-e, subd. 2) requires that the notice shall set forth, among other things, the nature of the claim and the time and place where it arose. Provision is further made in subdivision 6 of the same section for amendment of the notice. It appears that claimant and his attorney were in possession of sufficient facts to file a notice of claim in compliance with the statute. The discretion of the court to permit late service of a notice of claim may only be exercised in a case such as this where it appears that the claimant is "physically incapacitated, and by reason of such disability fails to serve a notice of claim" (General Municipal Law, § 50-e, subd. 5). We have recently said that "The power to be exercised under the carefully chosen words of the Legislature has been rigidly and exactly construed." (*Matter of White* v. *City of New York,* 285 App. Div. 69.) Present — Peck, P. J., Cohn, Breitel, Bastow and Rabin, JJ.