Robert I. Kleiner, J.
Plaintiff Rheba Berg commenced an action against the defendants, City of Long Beach and Long Island Lighting Co., Inc., by summons and oral complaint to recover damages for personal injuries sustained by her and plaintiff, Melvin Berg, as the husband, in the same action seeks to recover for medical expenses, loss of services and of consortium.
*318 The defendant, City of Long Beach, moves to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.
As heretofore indicated, the complaint is oral and the pertinent provision reads as follows: ‘ ‘ Action to recover the sum of $6,000.00 as a result of the personal injuries sustained by the plaintiff on August 2, 1958, due to the negligence of the defendants, their agents, servants and or employees, and without any negligence on the part of the plaintiff contributing thereto, in that they maintained the public street and highway and more particularly in the gutter adjacent to the curbstone leading to the sidewalk, at the intersection of West Broadway and Laurelton Boulevard, Long Beach, Nassau County, New York, opposite premises 300 West Broadway, in a careless and negligent manner; in that there was a depression thereat measuring approximately 2 feet wide and approximately 8 inches deep; in that the street light at the said corner was out and that the street was insufficiently lighted; in that there was work undertaken to cement the said street and the said work was done in a negligent manner by permitting a portion thereat to be and to remain unpaved, so that the conditions as they existed and were created, were unsafe and dangerous, causing the plaintiff who was lawfully crossing the said street to fall to the ground, where her foot sank into the said street and highway. ’ ’
The complaint fails to allege:
1 — That a notice of claim pursuant to section 50-e of the Greneral Municipal Law was served on the defendant, City of Long Beach — (if one was served).
2 — That the time limited by said section 50-e had expired and that one year had not elapsed since said cause of action accrued. (As required by General Municipal Law, § 50-e.)
3 — That plaintiff complied with section 256-A of the Charter of the City of Long Beach, as added by Local Law No. 2 of the Local Laws of 1953 of the City of Long Beach, effective May 13, 1953.
Section 256-A of the Charter of the City of Long Beach reads as follows: “ Section 256-A. No civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain or sewer being defective, out of repair, unsafe, dangerous or obstructed, unless at least 48 hours prior to the occurrence resulting in such *319 damage or injuries, written notice of the defective, unsafe, dangerous, obstructed condition of such street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain, or sewer relating to the particular place shall have been filed in the office of the commissioner of public works of the city, and there was a failure or neglect to repair, remedy or remove the defect, danger or obstruction within a reasonable time after the filing of such notice.” (Italics supplied.)
4 — That defendant had actual and/or constructive notice and knowledge of the claimed condition.
Oral pleadings are authorized in the City Court of Long Beach and an action may be instituted by indorsement on the summons stating briefly the nature and substance of plaintiff’s claim.
The oral pleading, however, like a written pleading must state in a plain and concise manner the facts constituting the cause of action.
It follows, therefore, that an oral pleading when challenged for insufficiency must be treated like a written pleading and must be construed broadly and liberally and every intendment and fair inference exercised in favor of the pleading. Furthermore, if in any aspect upon the facts stated the plaintiff is entitled to recovery the motion should be denied (Dyer v. Broadway Cent. Bank, 252 N. Y. 430).
The court has previously observed that there is no allegation with reference to section 50-e of the General Municipal Law.
In Lubarsky v. City of Long Beach (205 Misc. 153) Mr. Justice Pette sitting at Special Term, Nassau County dismissed plaintiff’s complaint on the ground that plaintiff failed to plead and prove compliance with section 50-e of the General Municipal Law, citing Winter v. City of Niagara Falls (190 N. Y. 198) and also Citrone v. Palladino (77 N. Y. S. 2d 489).
In Feinson v. City of Long Beach (137 N. Y. S. 2d 98) Mr. Justice Christ sitting at Special Term, Nassau County likewise dismissed plaintiff’s complaint for failure to plead and prove compliance with section 50-e of the General Municipal Law.
There is no burden on defendant, City of Long Beach, to affirmatively plead the lack of compliance with said section 50-e of the General Municipal Law. (Wesling v. Solovey, 277 App. Div. 834; Lubarsky v. City of Long Beach, supra.)
Under the cited authorities, the court is constrained to hold that plaintiffs have failed to comply with section 50-e of the General Municipal Law and that the complaint is insufficient in this respect.
*320 On the question of compliance with section 256-A, plaintiff admits that said section provides that no action shall be maintained for damages or injuries in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, opening, drain, or sewer being defective, out of repair, unsafe, dangerous or obstructed, unless at least 48 hours prior to the occurrence written notice of the condition shall have been filed in the office of the Commissioner of Public Works of the city and there was a failure to correct the condition within a reasonable time after filing of such notice.
The plaintiffs contend, however, that the respective causes of action, among other things, is predicated on the fact that the street light on the corner was out and that the street was insufficiently lighted and further urges that the statute (Long Beach City Charter, § 256-A) must be strictly construed.
Plaintiffs offer no authority in support of their contention and rest on the theory that street lights and lighting is not within the purview of section 256-A of the City Charter.
It is fundamental that statutes penal in nature and statutes in derogation of the common law must be strictly construed.
It is also fundamental that statutes must be so construed, if possible, that absurdity and mischief may be avoided. (Matter of Rouss, 221 N. Y. 81.)
Concededly, the statute (Long Beach City Charter,. § 256-A) does not contain specific reference to street lights and street lighting and only specified street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain or sewer.
Should the omission of the word “ street light ” render said section 256-A of the City Charter of the City of Long Beach inapplicable 1 The court believes that it should not. For to place such a narrow construction on the statute would be an absurdity.
It has been held that a street is a public thoroughfare. Generally, the term “ street ” includes sidewalk and a sidewalk constitutes a part of the street. (Nikiel v. City of Buffalo, 7 Misc 2d 667.)
If, as shown, the sidewalk is part of the street, it follows that other items may likewise be included in the term “ street ”.
What are street purposes is pointed out in the case of Palmer v. Larchmont Elec. Co. (158 N. Y. 231, 235) which says: “ The primary object of highways is for the public travel by persons and animals, and by carriages or vehicles used for the transportation of persons and goods, other than by railroads. Sewers drain the surface water from the highways, and thus relieve *321 them from impairment and destruction. In this respect sewers are for a street purpose. In addition, they may drain also the abutting property and houses and thus tend to promote the public health. In this respect they are for a municipal purpose. Water supplied by mains through the highways may he used for cleansing and sprinkling the streets. In this respect it is for a street purpose. * * * Light is, as we have seen, an aid to the public in the night time in traveling upon the highway. It is, therefore, used for a street purpose. All of the street purposes which we have referred to are clearly incident to the highway and are deemed within the grant of lands for highway purposes whenever the necessity for these uses arises. Not so with telegraph and telephone wires. They in no way preserve or improve the streets or aid the public in traveling over them.”
The court concludes, therefore, that the term “ street light ” is included in the word ‘ ‘ street ’ ’ and that the provisions of section 256-A of the Charter of the City of Long Beach is applicable thereto.
Accordingly, and upon the authority of Weingarten v. City of Long Beach (154 N. Y. S. 2d 101 and the cases cited therein) the motion made by defendant, City of Long Beach, to dismiss plaintiffs’ complaint is granted with leave to serve and file an amended complaint within 10 days after service of an order upon plaintiffs ’ attorney with notice of entry.