Matthew M. Levy, J.
This is a motion by petitioner, an adult (who describes herself herein as plaintiff), for leave to file a notice of claim nunc pro tunc. The notice was served but one day after the 90-day period. This application was made three and one-half months after the rejection of the notice of claim by the municipal authorities.
The court “may grant leave ” for late service where “ the claimant is an infant, or is mentally or physically incapacitated ” and “by reason of such disability” fails to serve the notice on time (General Municipal Law, § 50-e). The movant’s basic contention — that she was suffering from a physical disability which prevented the timely filing of the claim — is negatived by her moving papers. The alleged injury was a fractured hip, resulting in less than four weeks’ hospitalization. Before the expiration of the statutory limit, the claimant asked her son for an attorney. She saw this attorney and spoke to him a number of days before the 90-day period had passed. He, in turn, recommended a friend who was an attorney, and the latter was retained on the last day. Thereupon, it took only one day to prepare and file the required notice.
On these facts, I have no discretion. 1 ‘ The power to be exercised under the carefully chosen words of the Legislature has been rigidly and exactly construed” (Matter of White v. City of New York, 285 App. Div. 69, 70). And it cannot here be truly said that the claimant’s physical condition caused the delay in the failure to file the notice within the required statutory time (Matter of De Stefano v. City of New York, 285 App. Div. 1042; Matter of Schwartz v. New York City Tr. Auth., 5 A D 2d 833; Matter of Garrido v. City of New York, 272 App. Div. 756; Babinsky v. City of New York, 279 App. Div. 871).
1 ‘ Furthermore, no explanation is given for the delay in applying to the court [so long] after the expiration of the statutory period ” (Matter of Wong v. New York City. Tr. Auth., 4 A D *542 2d 838; see, also, Matter of Golden v. New York City Tr. Auth., 4 A D 2d 954; Matter of McEwan v. City of New York, 279 App. Div. 802, affd. 304 N. Y. 628; Matter of Ruskin v. City of New York, 271 App. Div. 934, motion for leave to appeal denied 271 App. Div. 1023).
The motion must be and is denied.