Matthew M. Levy, J.
This is a motion by defendant to vacate an order, assertedly entered ex parte, granting plaintiffs’ motion to vacate defendant’s notice to examine plaintiffs before trial and for a denial of the motion to vacate. The order attacked was not made ex parte, but was granted on default on the call of the motion calendar at Special Term, Part I. The primary question is whether there was truly a default on the part of defendant.
*117 The action is against the City of New York to recover damages for an accident that occurred at the entrance to Pier 97, at the foot of 57th Street and North River in Manhattan. The summons and complaint were duly served, and defendant duly served its answer, appearing therein by “ Charles H. Tenney, Corporation Counsel, Attorney for Defendant, Office & P. 0. Address, Municipal Building, Borough of Manhattan, City of New York ”.
Thereafter, arrangements were made by the Corporation Counsel with a certain company engaged in the maritime business to undertake the defense of the action pursuant to the company’s insurance policy with the City of New York. Instructions were given by the Corporation Counsel to the company that “ [a] 11 papers [in the action] should be endorsed ‘ Charles H. Tenney, Corporation Counsel ’, by your attorney as ‘ of Counsel ’ and his address ”. The company’s attorneys are the firm of Kirlin, Campbell & Keating, Esqs., of 120 Broadway, New York City. No notice of any such shift of professional representation or of change of address of defendant’s attorney of record was given to plaintiffs’ attorneys.
During the progress of the litigation, a notice to examine plaintiffs before trial was served by defendant, setting the examination down for a specified date, August 5, 1959. This notice was subscribed: ‘ ‘ Charles H. Tenney, Corporation Counsel, Attorney for Defendant, By Kirlin, C'ampbell & Keating, of Counsel, Office & P. 0. Address, 120 Broadway, New York 5, New York”. Upon receipt of the notice to examine, plaintiffs moved to vacate the notice and served the motion papers by mail on Charles H. Tenney, Esq., the Corporation Counsel, at his regular office in the Municipal Building, as specified in the answer. There, the motion papers seem to have rested, and, on the return date of the motion, no one appearing in opposition, the motion was granted on default and the notice to examine was vacated.
Obviously, the motion papers to vacate were properly served as provided for in subdivision 1 of rule 20 of the Buies of Civil Practice. No notice was required to be served on the law firm appearing as “ of counsel ’ ’, despite the fact that the notice to examine served by defendant sets forth that it was issued in the name of the Corporation Counsel by such law firm as counsel and with its address stated as being at 120 Broadway.
More and more, in recent years, have attorneys been serving adversary papers and subscribing them as ‘ ‘ counsel ’ ’ for one party or the other — sometimes with and at times without the name of the attorney of record. The rules and practice do not *118 provide for such unilateral procedure. It may, of course, save time and effort in the processing of litigation papers received by a party if direct service by and upon named counsel at the latter’s address were agreed upon. But to sanction that shortcut where, as here, there was no such stipulation or no independent and specific written notice to the adverse party of the change of address of the attorney of record will do naught but create confusion.
Defendant argues that, since the changed address was given to plaintiffs in the notice to examine, their notice to vacate in response thereto must be served at that new address. I do not agree, and the rules do not so provide (cf. Bules Civ. Prac., rule 11). If defendant’s argument were carried to its reasonable and logical conclusion, a party upon whom an intermediate notice is served must study it not only as to substance but in order to check whether the attorney serving that notice has, perchance, changed his address or engaged counsel. That is too much to expect or require of a busy law office.
In consequence, the motion by defendant to vacate the default order of September 9, 1959, as a matter of right, is denied. However, I shall consider the present application as one to open defendant’s default on the original motion, and, since the failure of defendant to oppose it has been satisfactorily explained, I grant the motion accordingly. I therefore proceed to a consideration of the merits of the motion.
As I have said, defendant seeks a denial of plaintiffs’ motion to vacate defendant’s notice to examine plaintiffs. Put another way, the original motion by plaintiffs to vacate is now before me on the merits. The objection to the examination is that the plaintiffs have been examined before the Comptroller of the City of New York prior to the commencement of the suit. This is the usual inquiry to which all claimants against the city are subject (General Municipal Law, § 50-h; Administrative Code of City of New York, § 93d-1.0). That, in my opinion, in no way precludes plaintiffs’ pretrial examination by defendant as adverse parties during the pendency of the action.
The request of plaintiffs that the granting of any relief be conditioned upon the submission to examination by both plaintiffs and defendant is unwarranted in the absence of a due and proper notice or motion by plaintiffs to examine defendant. I recognize that what both parties wanted here was a judicial determination of the appropriateness of their procedure as to the service of papers by and not upon counsel for defendant, as distinguished from the attorney of record for defendant. But, in my view, the better p rocedure would have been — and still is — *119 for the parties to arrange for mutual examinations on a professionally consensual basis (Semsky v. Jo-Mar Bake Shop, 12 Misc 2d 371, 372, citing Marie Dorros, Inc., v. Dorros Bros., 274 App. Div. 11). In any event, in the present circumstances, plaintiffs are directed to appear and submit to examination, pursuant to the notice heretofore served.