Matthew M. Levy, J.
The defendant New York City Housing Authority moves for dismissal of the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that the action is time-barred.
The moving defendant is conceded to be an authority established under subdivision 2 of section 3 of the Public Housing Law. Section 157 of the Public Housing Law provides, in relevant part, as follows:
“ § 157. Claims and actions against authorities
“ 1. In every action * * * for any cause whatsoever * * * maintained against an authority, the complaint * * * shall contain an allegation that at least thirty days have elapsed since the * * * claim * * * upon which such action * * * is founded were [was] presented to the authority for adjustment and that it has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.
“ 2. An action against an authority * * * for damages for personal injuries, alleged to have been sustained by reason of the negligence of * * * said authority * * * shall be commenced within one year after the cause of action therefor shall have accrued, provided that a notice of the intention to commence such action and of the time when and place where * * * the injuries were received, together with a verified statement showing in detail * * * the injuries alleged to have been received * * * .shall have been filed with the authority within six months after such cause of action shall have accrued.”
The accident occurred on December 4, 1957. The movant concedes that, in view of the provisions of section 157, the claimant had one year and 30 days within which to commence suit. This would be January 3, 1959. The summons was not served on this defendant until February 6, 1959. The plaintiff seeks to overcome the patent effect of this obvious chronology on two grounds.
First, the plaintiff claims waiver on the movant’s part. It appears that the required notice of claim was filed on January 13, 1958, and that, in pursuance thereof (Public Housing Law, *655 § 157, subd. 3), the defendant set the hearing thereon for February 13, 1958, that the hearing was adjourned by mutual agreement to March 14, 1958, and that the plaintiff was required to stipulate that no suit would be instituted until the required time has run from the date fixed for the adjourned hearing. But that was not a complete waiver of the Statute of Limitations. At best, the effect was that 29 days should be added to the time within which suit might be instituted. The result was to extend the time for the commencement of the action to February 2, 1959 — which, of course, is prior to February 6, 1959, the date on which the suit was in fact brought.
It is further contended by the plaintiff that the action rests upon violations of the multiple dwelling regulations, thus giving rise to a quasi-contractual cause of action, and, in consequence, making applicable the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 2), rather than the one-year limit imposed by the Public Housing Law (§ 157). This contention is wholly without legal foundation. (Cf. Webber v. Herkimer & Mohawk Street R. R. Co., 109 N. Y. 311; Loehr v. East Side Omnibus Corp., 259 App. Div. 200, affd. 287 N. Y. 670; Campbell v. Delaware Realty Co., 261 App. Div. 1037; Rickard v. Farmers’ Museum, 284 App. Div. 140.)
The codefendant, Henry Street Settlement, also opposes the motion. It claims that the statute was waived by the Authority by reason of the examination which was held of the plaintiff. That, of course, is not a waiver at all. The municipal authorities are entitled to examine claimants making claims against them, and, in conducting such examinations, there is no waiver by the mere reason of that fact of any defense to the action or, indeed, of any procedural steps which may be taken in the litigation. (Quinn v. City of New York, 25 Misc 2d 116, 118.)
The codefendant also says that since the movant has appeared in the action as a party defendant, it has waived any right it may have had to invoke the statutory time limit for the commencement of suit. This contention is specious.
Finally, the codefendant urges that it would be prejudiced if the complaint is dismissed as against the defendant Authority. I see no basis for this claim, except perhaps that the objector would like to have the movant remain in the case as a defendant and thus either confuse the issues or force a contribution by way of settlement of the plaintiff’s claim. That is not legal prejudice in any sense whatsoever. But even if there were such prejudice, that would not be a valid objection to the movant’s right to a dismissal if such right there is. If the action is time-barred against the moving defendant, that disposes of the matter, and *656 the interests of a defendant against whom the suit was timely commenced cannot be considered an impediment to the granting of the application to dismiss.
The motion is granted, and an order has been entered accordingly.