Prank A. Gulotta, J.
This is an application for leave to file a notice of claim against the County of Nassau after the expiration of the 90-day period prescribed therefor by section 50-e of the General Municipal Law.
A previous application made on behalf of this claimant and by her husband was before Mr. Justice Livoti for consideration. By order dated November 9, 1960, the husband’s application was denied and that of the present claimant was denied without prejudice to a renewal upon proper papers containing additional proof of her mental or physical incapacity. It was pointed out that no physician’s affidavit was submitted. Such an affidavit has now been supplied.
Subdivision 5 of section 50-e provides that this court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the 90-day period where the claimant is mentally or physically incapacitated, and that by reason of such disability she failed to serve a timely notice of claim. The provision that the application must be made within one year after the happening of the event will not be discussed here since only six months have gone by since the happening of the alleged tort.
The argument of the county on this application is that the doctor’s affidavit is too general and indefinite to satisfy the *340 requirements which would permit this court to exercise its discretion. While that affidavit might have been elaborated upon and been more complete, it recites sufficient facts to show that during the 90-day period this claimant was mentally incapacitated to the extent that she was incoherent, irrational and in an unbalanced state of mind. When advised of her son’s death she could not be restrained and was finally put in a strait jacket by the hospital authorities. It is the opinion of this physician that based on what he learned and knew of the history of the case, the facts and his observation and examinations, that this claimant was, for at least three months following her son’s death (the tort alleged being the unauthorized autopsy of her son’s body) mentally incapacitated. It is significant to note that no affidavit has been submitted here by the claimant and the affidavits indicate she may still be mentally incompetent from making a claim. If that be so, the notice may be made by someone acting on her behalf. (General Municipal Law, § 50-e, subd. 2; Matter of Greguski v. Town of Oyster Bay, 19 Misc 2d 763.)
The case of Matter of Haas v. Incorporated Vil. of Cedarhurst (70 N. Y. S. 2d 110, revd. 272 App. Div. 1031, affd. 298 N. Y. 757) presented by the county is not analogous to, the ease at bar. This was a case of physical as distinguished from mental incapacity and the Appellate Division of the Supreme Court in reversing Special Term, said there was no showing that the claimant was so incapacitated that she was unable to serve a notice of claim sworn to by her or someone on her behalf. Mental incompetency presents an entirely different situation and a mentally incompetent individual cannot be held to be responsible for a delay in her actions.
In the exercise of discretion, this application is granted. If the county challenges the mental incapacity of the claimant the procedure suggested in Matter of Moore v. City of New York (276 App. Div. 585) may be followed, viz. that such issue be raised by defendant’s answer. Short-form order signed.