a late filing of an affidavit with the Motor Vehicle Accident Indemnification Corporation, pursuant to section 608 of the Insurance Law, Special Term permitted the petitioner to file an affidavit on the ground that he had substantially complied with section 608. This section requires, as a condition precedent to the right thereafter to apply for payment from the corporation, that an affidavit setting forth the cause of action shall be filed within 90 days of its accrual. The statute provides that one who by reason of physical incapacity is prevented from filing the affidavit may apply to a court for leave to file the affidavit within a reasonable time after the expiration of the 90-day period. Application for such leave must be made within 120 days from the beginning of the applicable period for filing the affidavit. It must be made upon an affidavit setting forth evidentiary facts in support of the proof required to show compliance with the purpose and intent of the aforesaid sections and the application must be accompanied by a copy of the proposed affidavit. (Insurance Law, § 608, subd. [c].) Petitioner seeks recovery for loss sustained as the result of an accident caused by an unidentified motor vehicle. The proceeding was brought on by order to show cause returnable three days before the expiration of the 120-day statutory period. Petitioner claims he was confined to a hospital during the period within which he could have filed as of right, that he was unaware of section 608 of the Insurance Law and that the time consumed in investigating the accident prevented his timely filing. None of these reasons excuses late filing. (*Matter of Aldi* v. *Board of Educ.*, 4 A D 2d 921; *Matter of Nunziato* v. *City of New York*, 3 Misc 2d 450, affd. 2 A D 2d 670; *Matter of White* v. *City of New York*, 285 App. Div. 69.) The language of subdivision (c) of section 608 of the Insurance Law is substantially similar to that of section 50-e of the General Municipal Law. The latter controls the filing of a notice of claim in tort actions against municipalities and has been strictly construed. If the Legislature intended a more liberal construction of section 608 of the Insurance Law it did not so indicate in using language substantially identical to that of subdivision 5 of section 50-e. The Legislature has unequivocally stated that the petitioner must be physically incapacitated. The petitioner herein has failed to show a disability so incapacitating as to prevent filing. There is no statement as to the nature of the alleged incapacity and no supporting medical affidavits. (See *Matter of Liegl* v. *City of Buffalo*, 12 A D 2d 889.) The petitioner was apparently able to retain an attorney 5 days before the expiration of the 90-day period. (*Matter of De Stefano* v. *City of New York*, 285 App. Div. 1042; *Matter of Auricchio* v. *City of New York*, 272 App. Div. 1067, affd. 299 N. Y. 607.) A court is without discretion to allow late filing for any reasons other than those stated in the statute. (*Matter of White, supra.*) Under the circumstances, there was no showing of physical incapacity within the meaning of the statute. In passing, it should be noted that the proposed affidavit required by subdivision (c) of section 608 was not included in the petitioner's moving papers nor did petitioner comply with the eight-day notice of the application to the corporation as required by subdivision (c) of section 608. (Appeal from order of Erie Special Term granting petitioner's application for leave to file an affidavit with regard to his claim for damages.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE M. DOWNING, Appellant.—

Memorandum: On the papers before us, it appears that the Magistrate is disqualified and a motion may be made before trial to disqualify him. All concur. (Appeal from order of Oneida Supreme Court denying a motion for a certificate that a charge of disorderly conduct pending in Justice Court

be prosecuted by indictment by Grand Jury.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE FRALICK, Appellant.— Memorandum: On the papers before us, it appears that the Magistrate is disqualified and a motion may be made before trial to disqualify him. All concur. (Appeal from order of Oneida Supreme Court denying a motion for a certificate that a charge of disorderly conduct pending in Justice Court be prosecuted by indictment by Grand Jury.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED LYONS LETTS, Appellant.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT A. COMFORT, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Monroe County Court convicting defendant of crime of burglary in the third degree.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEWIS SMITH, Appellant.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEONARD J. LO VERDE, Respondent.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD GRAY, Appellant.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES S. WADE, Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

FREDERICK C. STEVENS et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 35971.) —

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

MOLLY CIGANENKO et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 34511.) —

Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.