Matthew M. Levy, J.
The defendant United States Olympic Association, Inc., has moved, after issue joined on complaint and answer, to vacate the plaintiffs’ notices to examine that defendant before trial.
The defendant objects thereto upon the ground that plaintiffs have already conducted examinations of the defendant and are therefore not entitled to any further pretrial examinations. It fully appears, however, from the records of the court and the transcript of the examinations already had that the depositions were ordered by the court for the purpose of enabling the plaintiffs to obtain the necessary facts so that they might frame their complaint (Rules Civ. Prac., rule 122). It further *573 appears — indeed, it is not disputed — that the depositions were taken with that sole purpose in mind and that direct indication was given by the plaintiffs that they intended to invoke later the normal procedures authorized for examinations before trial. On the facts as here presented, I think a further examination is quite appropriate. The basic question now before me is, therefore, whether the taking of such prior testimony by the plaintiffs should, as a matter of law, preclude them from obtaining the examination of the defendant before trial with respect to the material allegations of fact put in issue by the pleadings in the action (Civ. Prac. Act, § 288).
Counsel has not cited any precedent — one way or the other — and independent research on my part has failed to unearth any authoritative case in point (cf. Quinn v. City of New York, 25 Misc 2d 116, 118). I must resolve the matter, therefore, as an original proposition.
Looking at the problem from that stance, I have concluded that there is no merit in the objection. The function of the two examinations is entirely different. The precomplaint deposition will not always serve the purpose of a pretrial examination. The former is not necessarily conducted by the parties with the issues — prospectively to be litigated — precisely in mind. In the first instance, a plaintiff seeks to ascertain what he can properly allege; in the second, what he desires and perhaps must be able to prove or disprove (Rules Civ. Prac., rule 121-a).
The motion by the defendant to vacate the notices of examination before trial is therefore denied. The examination is set for Special Term, Part II, of this court, on May 16, 1962, at 10:00 a.m., or at such other times and places as may be stipulated, in accordance with the notices of examination dated January 30,1962.
The plaintiffs have moved by way of cross motion for an order (1) assessing their costs allegedly unnecessarily incurred by them in the discovery proceedings assertedly because of the defendant’s dilatory tactics, and (2) permitting plaintiffs to file a statement of readiness notwithstanding that all preliminary proceedings are conccdedly not completed. The cross motion is denied in its entirety but in neither respect with finality. That branch of the cross motion as seeks costs is denied without prejudice to renewal upon the trial. That further branch of the cross motion for leave to file a statement of readiness is denied without prejudice to renewal at Special and Trial Term, Part II (see Special Rule for Supreme Court, New York County, requiring the filing of statement of readiness and regulating calendar practice relative thereto, effective March 1,1962).