In the Matter of the Claim of RONALD M. JACOBS, JR., an Infant by RONALD M. JACOBS, SR., His Guardian, et al., Petitioners, *v.* CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, May 4, 1962.

*Murray Alber* and *Robert L. Horkitz* for petitioners. *Leo A. Larkin, Corporation Counsel* (*George P. Hennessy* of counsel), for respondent.

MATTHEW M. LEVY, J. This is a motion on behalf of two claimants — one an infant and the other an adult — for leave to file a late notice of claim, to examine witnesses to frame a complaint, and to direct the production of certain records.

That the city did not inform the claimants of their tardiness or that it has conducted an examination of the claimants is not a waiver of the defense of the untimely filing of the claim

(cf. *Heller* v. *New York City Housing Auth.*, 26 Misc 2d 653, 655; *Quinn* v. *City of New York,* 25 Misc 2d 116, 118).

Nevertheless, the motion is granted insofar as late filing is sought for the infant. The facts are sufficiently set forth in the moving papers (cf. *Matter of Samatin* v. *Board of Educ. of City of N. Y.,* 13 Misc 2d 646). The infant is now but two and one-half years of age. It is alleged that on April 12, 1961, an illness with which he was afflicted was improperly diagnosed and treated at the Metropolitan Hospital. When he did not respond to treatment, the child was taken to Knickerbocker Hospital, where the illness was diagnosed as tuberculous meningitis. He was transferred from the latter hospital to Bellevue Hospital, and discharged from there on March 3, 1962. He is presently totally blind and almost completely paralyzed. True, no medical opinion is submitted in support of causation. Indeed, that is why an examination of defendant and an inspection of the hospital records are especially in order. The situation is such in the case at bar that the absence of an expert's affidavit should not foreclose the court from permitting the infant's claim to be filed — which was done 10 days late.

As to the parent's claim, I have no discretion unless the delay is shown to have been the result of physical disability or mental incapacity (General Municipal Law, § 50-e), and that has not been proven (*Matter of Steele* v. *City of New York,* 12 Misc 2d 605; cf. *Fleming* v. *City of New York,* 21 Misc 2d 540). However tragic the impact upon the parents the unfortunate condition of their child must have been, there is no proof that their anguish so affected them as to frustrate their ability to consult counsel or to make claim within the statutory period. For all that appears their matrimonial differences, antedating and continuing during the period of the child's hospitalization, were the effective cause of their failure to proceed (cf. *Zaslowsky* v. *Nassau County Public Gen. Hosp.,* 27 Misc 2d 339). In consequence the adult's motion for leave to file the late claim is denied.

The application for the examination and the discovery to aid in the framing of a complaint is granted (Civ. Prac. Act, § 295; Rules Civ. Prac., rule 122; *Matter of Weiss* [*Mount Sinai Hosp.*], 208 Misc. 1010).