■ In the Matter of JAMES F. O'NEIL, JR., Respondent, v. MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.— Order, entered on September 29, 1964, granting petitioner-respondent's motion for leave to file a notice of claim against respondent-appellant, unanimously reversed, on the law and on the facts, without costs and disbursements, and the motion denied, without costs. On July 1, 1964 a notice of claim for personal injuries was served on respondent-appellant Authority on behalf of petitioner-respondent, an adult. As it stated that the accident upon which the claim was based had occurred on April 1, 1964, the Authority disallowed the claim on the ground that the notice had not been served within 90 days after the date of the accident as required by section 1212 of the Public Authorities Law and section 50-e of the General Municipal Law. The latter statute

(subd. 5) authorizes the court in its discretion to grant an adult claimant leave to serve a notice of claim within a reasonable time after the expiration of the 90-day period, where he "is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified". Special Term has granted such leave to petitioner-respondent on the basis of its finding that the "one-day lateness in filing the claim was due to the physical incapacity of the claimant." In our opinion the finding is unsupported. The affidavits show that petitioner-respondent was confined to a hospital for approximately two weeks following the accident and to his home thereafter for approximately five weeks. It is highly questionable that he lacked capacity to give notice during this period of seven weeks, since it appears that he consulted his attorney on April 7 while in hospital (cf. *Matter of De Stefano* v. *City of New York*, 285 App. Div. 1042). Decisive, however, is his failure to offer any information at all regarding his physical or mental condition during the extensive time remaining after his home confinement ended. As pointed out in *Matter of White* v. *City of New York* (285 App. Div. 69, 70), also a case where the notice was served but one day late, we are forbidden to read the statute "as permitting a judicial extension for causes other than those prescribed in plain words." Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.