■ MUREAN B. ROBERTS et al., Respondents, v. NEW YORK POST CORPORATION, Appellant.— Order entered on August 2, 1965, denying defendant's motion to dismiss libel action for failure to prosecute unanimously reversed on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and the motion is granted, with $10 costs. The motion to dismiss was made on general grounds of delay and not because of the failure to notice the action for trial. Consequently, the 45-day notice provision of CPLR 3216 is not applicable (*Mulinos* v. *Coliseum Contr. Corp.*, 22 A D 2d 163; cf. *Brown* v. *Weissberg*, 22 A D 2d 282). The record of this moribund seven-year-old action otherwise requires that it be dismissed (*Sortino* v. *Fisher*, 20 A D 2d 25). *Fischer* v. *Pan Amer. World Airways* (16 N Y 2d 725) is not in point, because, as made evident by the official headnote, that case involved only the failure to file a timely note of issue for trial, and the court's memorandum decision applied the 1964 amendment to CPLR 3216 (L. 1964, ch. 974) retroactively to motions denied prior to the date the amendment became effective. The decision is not necessarily applicable to motions made on broad grounds of general delay (*Mulinos* v. *Coliseum Constr. Corp.*, *supra*; *Brown* v. *Weissberg*, *supra*). Concur — Breitel, J. P., Rabin, Valente and Eager JJ.

■ MARGOT THOMAS, Respondent, v. MELBERT FOODS, INC., Appellant.— Order entered May 3, 1964 denying a motion to dismiss the complaint for failure to prosecute, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to the appellant, and the motion to dismiss granted, with $10 costs. (See *Roberts* v. *New York Post Corp.*, 24 A D 2d 714.) Concur — Botein, P. J., Breitel, McNally, Eager and Steuer, JJ.

■ DOROTHY BLECKER, as Administratrix of the Estate of MAX BLECKER, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— Order entered August 17, 1964 granting claimant's motion to file a late notice of claim reversed on the law and the facts, with $30 costs and disbursements to appellant. Respondent sought damages for wrongful death and conscious pain and suffering arising out of the death of her husband on August 10, 1963. No effort to file the instant claim was made until August, 1964, at least eight months beyond the permissive 90 days provided in subdivision 1 of section 50-e of the General Municipal Law. The claimant widow on September 11, 1963, approximately one month after the accident, was appointed administratrix and at that time was represented by counsel. She asserts that a lack of knowledge of the requisite formal notice and her mental and physical condition caused the delay. Claimant has failed to establish that the delay was caused by her incapacity, and the circumstances here do not permit the exercise of discretion to allow late filing. (General Municipal Law, § 50-e, subd. 5.) *Matter of Stefano* v. *City of New York*, 285 App. Div. 1042. Concur — Rabin, Valente and Stevens, JJ.; Breitel, J. P., and Eager, J., dissent in part and vote to reverse and remand for a hearing on the issue whether the medical condition attributed to plaintiff was the cause of the failure to file timely within the meaning of section 50-e of the General Municipal Law.