ARTHUR WAUGH, as Attorney in Fact for C. LEONARD LAPADULA, Plaintiff, *v.* FIREMEN'S FUND INSURANCE COMPANY et al., Defendants.

STETTER & LEVY, Third-Party Plaintiffs, *v.* CONTINENTAL CASUALTY COMPANY, Third-Party Defendant.

Supreme Court, Special Term, New York County, November 19, 1966.

*Edward Nathan* for plaintiff. *Max J. Gwertzman* for Firemen's Fund Insurance Company, defendant. *Levy, Heller, Kessler & Walzer* for Stetter & Levy, defendants and third-party plaintiffs. *Harnett & Reid* for third-party defendant.

MATTHEW M. LEVY, J. The plaintiff Waugh brought this action as attorney in fact of one Lapadula on a fire insurance policy issued to the latter by the defendant company. There are other defendants against whom relief is sought on other bases — but their presence in the action is of no moment on the present issue. The relevant defenses pleaded by the insurer are, among others, fraud in the inducement of the issuance of the policy, knowing increase in hazard in breach thereof, misrepresentation as to the value of the insured premises, and false swearing in relation to the loss, thus voiding the policy.

The defendant insurance company has served notice to examine the plaintiff and the insured before trial and to produce certain records and papers at such examinations. The plaintiff moves, pursuant to CPLR 3103 (subd. a), for a protective order vacating the defendant's notice on the grounds (1) that Lapadula, the insured, is not a proper party to be examined and is without knowledge of most of the facts herein, (2) that the plaintiff and Lapadula were heretofore examined, (3) that the plaintiff is entitled to priority of examination and has not yet completed his examination of the defendant, and (4) that the documents demanded should not be required to be produced, in that some are already in possession of the defendant, some are not in existence, that some are not material or necessary, and that the itemized demand therefor is burdensome and a " fishing expedition ". I shall consider these issues in the order stated.

(1) The premises allegedly damaged were owned by Lapadula, the named insured. He was the plaintiff named as such in a prior suit, subsequently dismissed for lack of prosecution. That he has now designated another as his attorney in fact to prosecute the present action does not obliterate the obvious conclusion that he is either, even now, the beneficially interested party, or is, as a matter of substance if not of form, the assignor of the claim in suit. Whether he has the status of the former or the latter, he cannot, through the utilization of the process of such designation, render himself immune from the obligation to make " full disclosure of all evidence material and necessary in the prosecution or defense of [this] action " (CPLR 3101, subd. [a]). For, in any case, he is the " person who possessed [the] cause of action * * * asserted in the action " (par. [2]) or he is that " person where the court on motion

determines that there are adequate special circumstances'' (par. [4]) — which, in the light of the facts here indicated, I do.

That, as the movant's attorney states, Lapadula is without knowledge as to all of the material facts, is no ground for vacating the notice to examine him before trial — any more than it would be a basis for quashing a subpœna that he testify at the trial itself. Of course, he may, in respect of any inquiry, state his lack of knowledge under oath at his examination.

(2) The earlier examination herein was in fact and in deed conducted by the insurance company as a hearing in claim and was held *prior* to the commencement of this or the first action. (Cf. CPLR 3117, subd. [c].) The right thereto was provided for in the contract of insurance. Since such examination was held and concluded before any litigation between the parties, it was of course conducted at a time when no issues in the action had as yet been drawn.

I have been cited no appellate insurance precedent in point, nor have I found any. I agree with the unpublished holding at nisi prius in *Katz* v. *Commercial Union Ins. Co.* (per BOWMAN, J., May 9, 1966, Civil Ct., New York County, Index No. 40053/1966). Furthermore, it is my view that the situation here is no different in principle than that of the preaction examination of a prospective plaintiff provided for where a claim is presented to a municipal corporation (General Municipal Law, § 50-h; Administrative Code of City of New York, § 93d-1.0) or of the examination permitted to be had of a prospective defendant as an aid in bringing the action (CPLR 3102, subd. [c], formerly Rules Civ. Prac., rule 122). In such cases, I have held that a pretrial examination duly demanded after commencement of suit or after joinder of issue is a statutory post-litigation procedure established for different purposes entirely and that it is not precluded by the prior inquisition had of the claimant or of the proposed defendant respectively (*Quinn* v. *City of New York*, 25 Misc 2d 116; *Untermeyer* v. *United States Olympic Assn.*, 34 Misc 2d 572).

(3) There is no doubt here that the plaintiff, having duly noticed the examination of the defendant before trial, is entitled to priority of examination (CPLR 3106, subd. [a]). That examination is now in progress. That the plaintiff has not yet completed his examination of the defendant does not deprive the defendant of its right to examine plaintiff, but instead relates merely to the time when such second examination shall commence. Accordingly, I direct that the examination by the defendant of the plaintiff and Lapadula shall commence upon the conclusion of the examination by the plaintiff of the defend-

ant. Indeed, since, in the instant case, the moving defendant now concedes the plaintiff's right to prior examination, there is no reason why that issue should have incumbered presentation and consideration of the present application, and why the time of examination could not have been arranged on a "professional consensual basis" (*Semsky* v. *Jo-Mar Bake Shop*, 12 Misc 2d 371, 372).

(4) Under the statute, the notice "may require the production of books, papers and other things in the possession, custody or control of the person to be examined to be marked as exhibits, and used on the examination" (CPLR 3111). In the light of the issues raised in the pleadings, I do not find that the defendant's enumeration of the records and documents required to be produced is improper. That the defendant may have duplicates of such material or may have already inspected the originals is no basis for denying their production for use at the examination. If the person being examined does not have custody or control of any of the papers requested, he may so state under oath; and rulings with respect to the admissibility into evidence of what is produced may be obtained from the Justice presiding at Special Term Part II at the time of examination.