■ PAUL MILLER, an Infant, by His Mother and Natural Guardian RUTH MILLER, et al., Respondents, v. COUNTY OF PUTNAM, Defendant, and TOWNSHIP OF PUTNAM VALLEY, Appellant.— In an action to recover damages for personal injuries incurred by the infant plaintiff and for medical expenses and loss of services, on the theories of negligence and nuisance, defendant Township of Putnam Valley appeals from an order of the Supreme Court, Putnam County, dated October 10, 1968, which denied its motion to dismiss the complaint. Order reversed, on the law and the facts, without costs, and complaint dismissed. The claim herein arose on January 25, 1967. . It is undisputed that plaintiffs served their notice of claim on May 18, 1967, approximately 23 days after the 90-day statutory period for giving notice had expired (Town Law, § 67, subd. 1; General Municipal Law, § 50-e, subd. 1). Moreover, on October 10, 1968, when Special Term denied appellant's motion to dismiss the complaint on this ground, the one-year period within which leave may be granted to file a late notice of claim had expired (General Municipal Law, § 50-e, subd. 5; *Matter of Brown* v. *Board of Trustees*, 303 N. Y. 484; *Matter of Rosenberg* v. *City of New York*, 309 N. Y. 304, 308). Plaintiffs allege that the notice of claim was forwarded for service one week prior to the expiration of the 90-day period and that the failure to serve timely was entirely the fault of the process server. They further allege that they had no knowledge that service was late until appellant made the instant motion to dismiss on September 9, 1968, approximately 20 months after the claim arose and 16 months after the service of the notice. Plaintiffs argue that appellant is estopped from raising the defense of untimeliness because of its failure to notify them of the fact of late service prior to the expiration of the one-year period within which they could have taken remedial action and because they were misled by appellant's notice of examination served on April 22, 1968, which recited that their notice of claim had been filed on March 27, 1967. In our opinion, no grounds have been shown upon which to invoke the doctrine of equitable estoppel. The retention of a late notice of claim does not bar a municipality from raising the defense of untimeliness (*Lubarsky* v. *City of Long Beach*, 205 Misc. 153; *Matter of Jacobs* v. *City of New York*, 35 Misc 2d 120). A municipality is under no duty to notify a claimant that his notice of claim was not timely served; nor is there any justification for imposing such a burden. It is not unreasonable to require a claimant to exercise sufficient diligence to ascertain whether his notice of claim has been timely served. Nor is there merit to plaintiffs' argument that they were prejudiced by appellant's notice of examination served on April 22, 1968. Whether or not plaintiffs were thereby lulled into a belief that their notice had been timely served is immaterial. On that date the one-year period within which they could have moved for leave to file a late notice of claim had elapsed. Beldock, P. J., Christ, Rabin and Kleinfeld, JJ., concur; Benjamin, J., dissents and votes to affirm the order, with the following memorandum: In my opinion, there was either a waiver or an estoppel by reason of the conduct of the defendant Township of Putnam Valley.