■ HARRY WERNER, Respondent, v. HERTZ CORPORATION et al., Appellants. — Judgment entered on June 7, 1962, in favor of plaintiff in the sum of $14,210 in a personal injury action, unanimously reversed, on the law and facts, in the exercise of discretion, and in the interests of justice, and a new trial granted, with costs to abide the event. It was prejudicial error to defendants for the court to charge the jury in substance, thrice, that before plaintiff went to the side of his car to place some purchases in the rear portion thereof he looked north on Ninth Avenue, he saw no vehicle approaching, and he saw the light was red. There was no testimony that the light was red at any time. Although there was no exception, the interests of justice require that a new trial should be had. It is also noted that some of the medical claims advanced by plaintiff were against the weight of the evidence in that there was no credible testimony to show causal connection. Concur — Botein, P. J., Breitel, Valente, McNally and Noonan, JJ.

■ In the Matter of the Claim of SUSAN BYRNE, Appellant, v. CITY OF NEW YORK, Respondent.— Order, entered on July 18, 1962, denying petitioner's motion for leave to serve a notice of claim after the expiration of the statutory period, unanimously reversed, without costs, on consent of the Corporation Counsel and on the authority of *Matter of Rosenberg* v. *City of New York* (309 N. Y. 304). Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ LEON ROSENBERG, Individually, and as the Owner of Fifty Percent of the Outstanding Stock of the 128 East 16th Street Realty Corp., Respondent, v. EMMA FISCHL, Individually, and as Executrix of IGNATIUS FISCHL, Deceased, Appellant, et al., Defendant.— Order, entered on October 1, 1962, denying defendant-appellant's motion, pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice, to dismiss the complaint upon the ground the alleged contract upon which the action is based is unenforcible under the provisions of the Statute of Frauds, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. It is conceded that the contract to sell defendant corporation's stock for $15,000, as pleaded in the complaint, was oral; and no showing whatsoever is made in the record on appeal to support plaintiff's claim of an estoppel (*Bulkley* v. *Shaw*, 289 N. Y. 133, 139; *Werking* v. *Amity Estates*, 2 N Y 2d 43, 52). Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ In the Matter of JAMES J. HEALY, an Attorney.— Motion for an order of clemency, commuting the disbarment order of this court, entered on June 9, 1960, denied. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ. [11 A D 2d 4.]

■ In the Matter of VIVIENNE W. NEARING, an Attorney.— Motion for reinstatement granted. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ. [16 A D 2d 516.]