George Tilzer, J.
This is a motion to compel acceptance of a notice of claim attempted to be filed pursuant to section 50-e of the General Municipal Law. It appears the last day for filing such notice was September 11, 1961, which corresponded to the first day of the Jewish New Year. It is contended on this application that in view of section 25-a of the General Construction Law the attempted filing was timely.
Section 25-a of the General Construction Law extends to the next succeeding business day the performance of an act authorized or required to be done in a period of time computed from a certain day and ending on a Sunday or public holiday. Section 24 of the same statute defines the term holiday as including what are generally regarded as legal holidays, “ and each day appointed by the president of the United States or by the governor of this state as a day of general thanksgiving, general fasting and prayer, or other general religious observances” (emphasis supplied). It is contended in opposition hereto, that since there was no presidential or gubernatorial proclamation with respect to the religious holiday here involved, it is not covered by the statutory definition of holiday. With this the court does not agree. The language “ or other general religious observances ” is disjoined from the rest of the sentence so that *806 it would appear that the requirement of executive action, while necessary to convert days of general thanksgiving, or general fasting and prayer into holidays for statutory purposes, is inapplicable to general religious observances. That Bosh Hashana fits into the latter category cannot be gainsaid in a community where it has become the practice to close the schools, and adjust other public services, including our courts, in recognition of the fact that a large segment of the local populace is devoted to religious observance.
The application is, accordingly, granted.