■ IRWIN KALLMAN, Respondent, v. WOLF CORPORATION et al., Appellants. — Order entered on September 26, 1962, denying defendants-appellants motion to dismiss for lack of prosecution, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to defendants-appellants, and the motion granted, with $10 costs. Plaintiff, if he be so advised, may move within 30 days from the service of the order entered herein to vacate the dismissal on a proper affidavit of merits. In the light of this record and the nature of the companion action, it may well be that the inaction or delay is excusable. Nevertheless, to be relieved of the consequence of failure to prosecute, plaintiff, in addition, is required to submit an affidavit of merits. (*Ruderman* v. *Feffer*, 10 A D 2d 704; *De Long Corp.* v. *J. Rich Steers, Inc.*, 10 A D 2d 705.) Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ.

■ In the Matter of RUTH BLOOM et al., Respondents, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Order entered on October 17, 1961, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion to compel acceptance of notice of claim pursuant to section 50-e of the General Municipal Law as timely served, denied. The legislative history indicates that a day of religious observance is not to be deemed a public holiday unless so proclaimed by the President or the Governor. (See L. 1875, ch. 27; L. 1887, ch. 289; L. 1889, ch. 198; Code Civ. Pro., § 3343, subd. 21 [1901]; L. 1892, ch. 677, § 24; General Construction Law, § 24; Executive Law, § 7.) An interpretation of the statute to bring all days of general religious observance within the statutory definition of a holiday, without requirement of executive proclamation, would lead to confusion and indefiniteness in the application of the statute. A construction, having this result, is to be avoided where, as here, it is not plainly indicated. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 143.) Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ. [31 Misc 2d 805.]