■ In the Matter of the Claim of LOVIE CORE, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— Order, entered February 28, 1966, granting claimant's motion for leave to file a late notice of claim, unanimously reversed on the law and on the facts, with $30 costs and disbursements to appellant and motion denied. Under the circumstances of this case the court was without power to extend the period for service of a notice of claim. The excuse offered does not come within any of the exceptions of the statute. (General Municipal Law, § 50-e, subd. 1; § 50-e, subd. 5; see *Matter of Bloom* v. *New York City Tr. Auth.*, 19 A D 2d 521, revg. 31 Misc 2d 805; *Matter of White* v. *City of New York*, 285 App. Div. 69.) Concur — Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ.

■ IDA ORKIN et al., Appellants, v. 1032 GRAND CONCOURSE CORP. et al., Respondents.— Order entered September 17, 1964, denying plaintiffs' application for a preference, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements to the appellants, and the application granted. On this record plaintiffs have made a sufficient showing to warrant the granting of a preference. Appeal from order entered September 17, 1965 dismissed. Concur — Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ.

■ MARY BOSC, Appellant, v. CITY OF NEW YORK, Respondent.— Order entered May 10, 1966 denying plaintiff's motion for a preference unanimously affirmed, without costs or disbursements. This determination is without prejudice to a new application. Concur — Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ.

■ JAMES R. COBB, Appellant, v. MARCIA HERBSMAN, by Her Parent RAY W. HERBSMAN, et al., Respondents.— Order, entered April 25, 1966, in this personal injury negligence action, denying plaintiff's motion for reconsideration of a previous denial of a general trial preference under rule IX of the Supreme Court Rules for Bronx and New York Counties, and for the granting of such preference, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements of the appeal to plaintiff-appellant, and the motion granted, with $10 costs and disbursements. Plaintiff's principal injuries were the fracture of eight ribs and the nose. He sustained alleged special damages in the amount of $1,865. There was generally, except for some alleged continuing pain, good healing and cure of the rib fractures, but there is claim of deformity and deviation of the septum as a sequel to the fracture of the nose. The effect on the nose of the instant accident is only equivocally disputed by defendant's medical expert. Plaintiff is aged 52 and employed as a waiter. Consequently, plaintiff may be able arguably to justify a recovery in excess of the jurisdictional limits of $10,000 of the Civil Court and a general trial preference should have been granted (see *Liebowitz* v. *Rector*, 13 A D 2d 734; *Goetz* v. *George Eberhard, Inc.*, 13 A D 2d 489). Concur — Botein, P. J., Breitel, McNally, Steuer and Capozzoli, JJ.