Joseph A. Suozzi, J.
This article 78 proceeding presents the issue of whether the national 11 days.of mourning ” proclaimed by President Nixon on December 28, 1972 and January 25, 1973, in memory of the deaths of former Presidents Truman and Johnson, respectively, are “ public holidays” as defined in section 24 of the General Construction Law. The conclusion drawn will determine whether or not the members of the Nassau County Police Department are entitled to extra compensation for those days under their 1971-72 contract, which provides for “ holiday pay ” for any days considered “ public holidays ’ ’ pursuant to section 24 of .the General Construction Law. Nassau County Ordinance 101-1971 is to the same effect.
*948 The 1971-72 contract between the County of Nassau and the Patrolmen’s Benevolent Association provides, among other things, that for any day considered a public holiday, members of1 the Police Department not working on said day shall receive, in addition to his regular day’s pay, an extra day’s pay, and those employees actually working on said day shall receive, in addition to his regular day’s pay, compensation equaling one and one-half days’ pay. On the oral argument of this proceeding it was estimated that the outlay for such holiday pay could exceed a half million dollars for the two days in question.
The relevant sections of the General Construction Law and the county ordinance both provide that, in addition to the 11 specified holidays, the term ‘ ‘ public holiday ’ ’ includes ‘ ‘ each day appointed by the president of the United States or by the governor of this state as a day of general thanksgiving, general fasting and prayer, or other general religious observances.”
The presidential proclamation was similarly worded on both occasions, at least in the paragraph with which the court is concerned: (‘ I do further appoint [December 28, 1972 and January 25, 1973] to be a national day of mourning throughout the United States. I recommend that the people assemble on that day in their respective places of worship, there to pay homage to the memory of President [Truman and Johnson]. I invite the people of the world who share our grief to join us in this solemn observance.” Governor Rockefeller proclaimed a 30-day period of mourning following the death of each president. .The sole direction in the Governor’s proclamation was to fly flags at half-mast on all State buildings. No contention is made that this proclamation created a public holiday.
In this court’s opinion the national days of mourning proclaimed by President Nixon on the deaths of Presidents Truman and Johnson are not within the ¡statutory categories of section 24 of the General Construction Law. It would require a strained and forcéd interpretation to consider such days as days of ‘ ‘ general thanksgiving, general fasting and prayer, or other general religious observances ’ ’. Obviously it was not a day of thanksgiving. While the President did recommend memorial services, there was no contemplation that it would also be a day of general fasting. It is difficult to understand how it could possibly be construed as a day of 1 ‘ other general religious observance ”. Businesses and banks all remained open for business as usual on those days. Although most employees of the courts of the county and State were permitted to take all or piart of the days off, these public offices nonetheless remained open,
*949 The petitioner contends that the county is bound by its treatment of November 25, 1963, the day of mourning for President Kennedy’s assassination, as a legal holiday. In support of this date as a precedent, petitioner refers to the fact that the proclamations issued by President Nixon for the days of mourning for Presidents Truman and Johnson were similar in language to that issued by President Johnson proclaiming November 25, 1963, as a day of mourning for President Kennedy. Additionally, petitioner submits a legal opinion from the then County Attorney to the County Executive to the effect that November 25, 1963 was a legal holiday and that county employees should be paid for that day as they would have been for any other legal holiday.
In opposing petitioner’s position as to precedent, the county questions the propriety of the submission of a legal opinion, which it claims to be privileged. The county further asserts that the opinion submitted was only a portion of the opinion issued by the County Attorney with respect to this holiday, and that in fact the County Attorney had held that police officers were not entitled to holiday pay for the day of mourning for President Kennedy. The full opinion is not before the court. In any event, this court is not bound by a County Attorney’s opinion, and the county’s treatment of that day does not form a binding precedent which supports petitioner’s contention in this proceeding.
Admittedly the manner in which November 25, 1963 was observed by the public had some of the characteristics associated with a ‘1 public holiday” as defined in the General Construction Law. However, in retrospect, the motivation for the observance of that day as if it were a “ public holiday ” was not the presidential proclamation, but rather the .spontaneity and intensity of the emotions and grief which the assassination of the youthful President stirred in the hearts and minds of the people of the Nation and even of the world.
If called upon to pass on the question, this court would hold that November 25, 1963 was not a “ public holiday ” as that term is defined in section 24 of the General Construction Law. Therefore the comparison of the presidential proclamation for that occasion and the ones issued for the days which are the subject of this proceeding does not benefit petitioner’s position.
Accordingly, the court holds that the two days of national mourning declared by President Nixon on the deaths of former Presidents Truman and Johnson were not public holidays as defined by section 24 of the General Construction Law, and the within article 78 proceeding is hereby dismissed.