■ In the Matter of ʼCLIFF W. SCHMIDT, Individually, and as President of the Nassau County Patrolmen's Benevelent Association, Appellant, v. J. HALSTEAD CHRIST, as Comptroller of the County of Nassau, et al., Respondents.— Order of the Supreme Court, Nassau County, dated April 12, 1973, affirmed, on the opinion of Mr. Justice Suozzi, without costs. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and ʼBenjamin, JJ., concur. [75 Misc 2d 947.]

■ ROBERT KENNEY, JR., an Infant, by His Parent and Natural Guardian, ROBERT KENNEY, et al., Respondents, v. DONALD ANGERER et al., Appellants.— In a negligence action to recover damages for personal and property injuries, loss of services and medical expenses, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated March 5, 1973, as, in denying plaintiffs' motion for inspection of defendants' automobile liability insurance policy, directed defendants to disclose the financial coverage limits of the policy. Order reversed insofar as appealed from, with $10 costs and disbursements, and plaintiffs' motion denied in all respects. In our opinion it was error, as a matter of law, to direct defendants to disclose the financial coverage limits of their automobile liability insurance policy (*Mosca* v. *Pensky*, 42 A D 2d 708). Martuscello, Acting P. J., Gulotta and Christ, JJ., concur; Latham, J., concurs, on constraint of the majority's position in *Mosca* v. *Pensky* (42 A D 2d 708). Benjamin, J., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: The trend of authority throughout the country and the logistics of our calendar practice mandate the disclosure of the financial coverage limits of a defendant's automobile liability insurance policy at the earliest possible time in the course of the litigation.

■ ANASTASIA V. NORTHSHIELD, Respondent, v. TOWN OF HUNTINGTON, Appellant.— In a proceeding under article 78 of the CPLR to compel petitioner's reinstatement to the position of storekeeper in defendant's Department of Building Maintenance, with back pay, the appeal is from a judgment of the Supreme Court, Suffolk County, entered October 4, 1972, which granted the application. Judgment affirmed, with $20 costs and disbursements (*People ex rel. Goldschmidt* v. *Board of Educ. of City of N. Y.*, 217 N. Y. 470; *Matter of Schneider* v. *Lynde*, 12 A D 2d 812). Munder, Acting P. J., Martuscello, Shapiro, Christ and Bennan, JJ., concur.