■ MICHELE J. MARZULLO, Petitioner, v SUFFOLK COUNTY et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondents, dated January 29, 1982 and made after a "name clearing hearing", that petitioner had failed to negate the stated reasons for his dismissal from his position as a consumer affairs investigator II with the Suffolk County Department of Consumer Affairs. Determination confirmed and proceeding dismissed on the merits, with costs. The purpose of a "name clearing hearing" is solely to afford the discharged governmental employee an opportunity to refute charges made by the employer which affect his or her " 'good name, reputation, honor, or integrity' " (see *Board of Regents v Roth,* 408 US 564, 573, quoting from *Wisconsin v Constantineau,* 400 US 433, 437). Petitioner herein was afforded this opportunity. Respondents bore no burden of proof. In any event, we cannot say that the hearing officer's determination that petitioner had failed to refute the charges against him lacked a rational basis in fact. Petitioner relied mainly on his own testimony. However, his credibility as a witness was seriously impeached on cross-examination by a showing that he had made misstatements on his applications for employment. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.

■ PATRICK O'LEARY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In a negligence action to recover damages for personal injuries, the New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), dated May 17, 1982, which granted plaintiff's motion to strike its first affirmative defense of failure to timely serve a notice of claim. Order reversed, on the law, without costs or disbursements, and plaintiff's motion to strike appellant's first affirmative defense is denied. It is conceded that pursuant to section 1212 of the Public Authorities Law and section 50-e of the General Municipal Law, the last day on which plaintiff could have timely served a notice of claim was February 14, 1977. His claim was served the following day, February 15, 1977, but Special Term held that service was timely because February 14, 1977 was a public holiday known as Lincoln's birthday. We reverse. Pursuant to section 25-a of the General Construction Law, where an act is authorized or required to be done in a period of time computed from a certain day, and the last day for doing the act is "a Saturday, Sunday or public holiday, such act may be done on the next succeeding business day". A "public holiday" as defined by section 24 of the General Construction Law includes "the twelfth day of February, known as Lincoln's birthday * * * and each day appointed by the president of the United States or by the governor of this state as a day of general thanksgiving, general fasting and prayer, or other general religious observances". The fact that Lincoln's birthday may have been celebrated for certain purposes by the city and State courts and agencies on February 14, 1977 does not make that day a public holiday (see *Matter of Schmidt v Christ,* 75 Misc 2d 947, 948, affd on opn of Suozzi, J., 42 AD2d 963). Accordingly, as plaintiff failed to serve his notice of claim upon defendant, a public service corporation (see Public Authorities Law, § 1200 *et seq.*) by February 14, 1977, which was not a public holiday for the purposes of section 25-a of the General Construction Law (see General Construction Law, § 24), his service of that document the following day was untimely (see *Matter of Bloom v New York City Tr. Auth.,* 19 AD2d 521). Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.