■ In the Matter of ANDRONIKI (NIKI) BROWNE, Petitioner, v CITY OF NEW YORK et al., Respondents. [900 NYS2d 898]—Proceeding pursuant to CPLR article 78 to review a determination of Diane D'Alessandro, Executive Director of New York City Employees' Retirement System, which adopted the report and recommendation of an administrative law judge dated August 26, 2008, made after a name-clearing hearing, finding that the petitioner failed to negate the stated reasons for her demotion from her position as Director of Administrative Services.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The purpose of a name-clearing hearing is to provide a stigmatized employee with an opportunity to clear his or her name (see Matter of Swinton v Safir, 93 NY2d 758, 763 [1999]). The employee bears the burden of proof to refute the charges and clear his or her name (see Marzullo v Suffolk County, 97 AD2d 789 [1983]). Here, the petitioner failed to negate the stated reasons for her demotion.

Contrary to the petitioner's contention, there was substantial evidence to support the determination of the administrative law judge. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.